COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, | § | No. 08-10-00067-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 120th Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| NORMA PARRA, | § | |
| | | (TC# 2009-1677) |
| Appellee. | § | |

**O P I N I O N**

The Texas Department of Family and Protective Services (the "Department") appeals the trial court's denial of its plea to the jurisdiction. The Department contends the order is in error, and that former Department employee, Norma Parra's suit for retaliatory discharge should be dismissed for lack of jurisdiction.

Ms. Parra worked for the Department from May 2006 until July 2008. Primarily, her job entailed transporting children and parents involved in DFPS. She also assisted Department staff with clerical matters. Ms. Parra was involved in a motor vehicle accident on January 28, 2008, while carrying out her duties for the Department. Following the accident, Ms. Parra was unable to return to work and filed for worker's compensation benefits. After exhausting her personal sick and vacation time, Ms. Parra applied for extended leave under the Federal Medical Leave Act, which was denied. Ms. Parra never returned to work, and having determined that she remained unable to perform her work duties, the Department terminated her employment.

Ms. Parra filed suit against the Department for retaliatory discharge in April 2009. The

Department filed a general denial, and moved to have the suit dismissed for lack of jurisdiction under the doctrine of sovereign immunity. According to the plea, the trial court lacked subject-matter jurisdiction over the suit because the anti-retaliation statute does not provide a "clear and unambiguous" waiver as required by Section 311.034 of the Texas Government Code. In response, Ms. Parra argued that Section 311.034 did not abrogate Texas Supreme Court case law recognizing a waiver of sovereign immunity for anti-retaliation claims, as the statute is simply a legislative statement of the standard long recognized under common law.

The trial court denied the plea, and the Department now challenges that ruling by interlocutory appeal. *See* TEX.CIV.PRAC.&REM.CODE ANN. §51.014(b)(West 2008). In a single issue, the Department contends that sovereign immunity for claims under the anti-retaliation statute has not been "clearly and unambiguously" waived, as required by Section 311.034 of the Texas Government Code.

Governmental entities, such as state agencies, are immune from suit absent a legislative waiver. *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). To protect the Legislature's authority in this area, a statute must contain "clear and unambiguous" language waiving immunity to permit a suit to proceed against the State. *See* TEX.GOV'T CODE ANN. § 311.034 (West Supp. 2010); *Fernandez*, 28 S.W.3d at 3. Absent such a waiver, sovereign immunity deprives a court of subject-matter jurisdiction over claims against the government. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). A plea to the jurisdiction is the mechanism by which a party may challenge a court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 621-22 (Tex. 2009). When, as in this case, the jurisdictional question is limited to the sufficiency of the plaintiff's pleadings, we will accept as true all factual

allegations in the petition to determine if the plaintiff has met her burden to allege facts which affirmatively demonstrate a waiver. *Miranda*, 133 S.W.3d at 224. As the existence of jurisdiction is a question of law, the ruling on a plea is subject to *de novo* review. *Miranda*, 133 S.W.3d at 226.

Ms. Parra sued the Department for retaliation following her claim for worker's compensation. Chapter 451 of the Texas Labor Code governs claims for employment discrimination, including retaliation. *See* TEX.LAB.CODE ANN. § 451.001 (West 2006). Section 451.001 specifically prohibits an employer from retaliating against an employee because the employee files a good faith claim for workers' compensation. *See* TEX.LAB.CODE ANN. § 451.001(1). An employee who is terminated or discriminated against in violation of Section 451.001, has a cause of action against the employer for damages incurred as a result of the violation. *See* TEX.LAB.CODE ANN. § 451.002.

As with any other claim against the government, a Chapter 451 cause of action cannot proceed absent Legislative consent to the suit. *See Fernandez*, 28 S.W.3d at 4. In the case of a state agency such as the Department, the State Applications Act (SAA) has been held to provide such consent and waive sovereign immunity.[1] *Fernandez*, 28 S.W.3d at 9. As a general matter, the SAA requires state agencies, such as the Department, to provide worker's compensation benefits to their employees. *See* TEX.LAB.CODE ANN. § 501.021; TEX.HUM.RES.CODE ANN. § 40.002(c)(West Supp. 2010). The SAA also specifically incorporates several of the state's worker's compensation laws, including Chapter 451, for application against state agencies. *See*

---

[1] The SAA was codified as Labor Code Chapter 501 in 1993. *See Fernandez*, 28 S.W.3d at 4, n.3.

TEX.LAB.CODE ANN. § 501.002(a). Even more specifically, the SAA provides, "[f]or the purposes of this chapter and Chapter 451, the individual state agency shall be considered the employer." TEX.LAB.CODE ANN. § 501.002(b). Considering the statute as a whole, the Texas Supreme Court concluded that these provisions constituted a "clear and unambiguous" waiver of sovereign immunity for retaliation claims against a state agency. *See Fernandez*, 28 S.W.3d at 6.

Still, the Department argues that because Section 311.034 was enacted after the *Fernandez* decision, the ruling has been abrogated by the Legislature. The Department continues by arguing that its conclusion has been bolstered by the Supreme Court's recent holding in *Travis Central Appraisal District v. Norman*, No. 09-0100, 2011 WL 1652133, at *4 (Tex. April 29, 2011); *Fernandez*, 28 S.W.3d at 5. In *Norman*, the Supreme Court concluded that due to amendments to the Political Subdivisions Act, its prior decision recognizing a waiver of sovereign immunity for retaliatory discharge claims was no longer controlling. *See Norman*, 2011 WL 1652133, at *4-5. As the Court discussed in 2005, the Legislature added a new section (Section 504.053) to the PSL. *Norman*, 2011 WL 1652133, at *3. Within that new section was a "broadly-worded provision" stating that, "[n]othing in [the PSL] waives sovereign immunity or creates a new cause of action. *Norman*, 2011 WL 1652133, at *3, *citing* TEX.LAB.CODE ANN. § 504.053(e). Based on this new provision, the Court concluded that the PSL failed to demonstrate a clear and unambiguous waiver as the amendment rendered the statute "too internally inconsistent to satisfy that standard." *Norman*, 2011 WL 1652133, at *5, *citing* TEX.GOV'T CODE ANN. § 311.034. In light of the amendment, the Court concluded sovereign immunity barred a retaliation claim against the political subdivision. *See Norman*, 2011 WL 1652133, at *5.

Unlike the PSL, the SAA has not been amended since the Supreme Court issued its decision in *Fernandez*. There is no indication that the rationale which lead the Court to conclude there was a clear and unambiguous waiver of sovereign immunity for retaliation claims under the SAA has been altered in a way that would lead to a different result. *See Fernandez*, 28 S.W.3d at 5-6. As the *Norman* decision demonstrates, determining whether a statute contains a clear and unambiguous waiver of sovereign immunity depends on the construction of the language of the statutes implicated by the claim involved. *See Norman*, 2011 WL 1652133, at *4-5. The Supreme Court performed such a construction of the SAA in *Fernandez*, and concluded sovereign immunity was waived. *See Fernandez*, 28 S.W.3d at 5. As the SAA has not been amended since the *Fernandez* decision, there is no basis upon which this Court can conclude a different result is warranted in the case before us. In so far as the Department contends the *Norman* opinion abrogated the holding in *Fernandez*, that argument is overruled.

*Norman* does provide guidance, however, on the Department's related argument regarding the effect of Section 311.034 to the Texas Government Code. Section 311.034 states:

> In order to preserve the legislature's intent in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of 'person,' as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

TEX.GOV'T CODE ANN. § 311.034.

The Department argues that by enacting this statute, the Legislature has replaced the common law "clear and unambiguous" standard, with a mandate for even greater clarity

regarding waivers of sovereign immunity. We disagree. In its holding in *Norman*, that the PSL's amended language no longer demonstrated a legislative intent to waive immunity, the Supreme Court cited Section 311.034 simply for the proposition that a waiver of immunity must be, "clear and unambiguous." *Norman*, 2011 WL 1652133, at *5. In reaching its conclusion that the newly-revised PSL no longer met the clear and unambiguous standard, the manner of the legislative intent analysis followed the framework established under the common law standard. *Id*. 2011 WL 1652133, at *3-5. Although the Court ultimately concluded that to due to the amendment, the PSL no longer contained a clear and unambiguous waiver, we do not agree that the *Norman* decision has altered the way in which Texas courts determine whether or not a particular statute meets the clear and unambiguous standard. *See Norman*, 2011 WL 1652133, at *3-5. In other words, there is no indication that the Legislature's codification of the "clear and unambiguous" standard has affected the way legislative intent to waiver sovereign immunity is analyzed in Texas. *See id*. As such, the Department's argument that Section 311.034's enactment has altered or abrogated the analysis to determine whether a particular statute contains a clear and unambiguous waiver is overruled. Having overruled both arguments, we overrule Issue One in its entirety.

Having overruled Appellant's sole issue, we affirm the trial court's order denying the plea to the jurisdiction.

July 29, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.