COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS WORKFORCE COMMISSION, | § | |
| | | No. 08-10-00070-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 448th Judicial District Court |
| | § | |
| MARIA ELENA OLIVAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC#2009-4970) |
| | § | |

**O P I N I O N**

The Texas Workforce Commission (the "Commission") appeals the trial court's denial of

its plea to the jurisdiction. The Commission contends the order is in error, and that former

Commission employee, Ms. Maria Elena Olivas' suit for retaliatory discharge should be

dismissed for lack of jurisdiction. We affirm.

Ms. Olivas worked for the Commission from June 24, 1987 until May 6, 2009 as an

account examiner. She developed injuries as a result of her employment duties in March 2008.[1]

She subsequently filed a workers' compensation claim. The Commission dismissed her from

employment on May 6, 2009.

Ms. Olivas filed suit against the Commission for retaliatory discharge in November 2009.

The Commission filed a general denial, and pled sovereign immunity from suit as an affirmative

defense. The Commission then filed a plea to the jurisdiction, in which it argued that the trial

---

[1] Ms. Olivas claims she sustained injuries to her hands and other parts of her body, whereas the Commission asserts she sustained carpal tunnel syndrome.

court lacked subject-matter jurisdiction over this suit due to the Legislature's enactment of Section 311.034 of the Texas Government Code. The Commission argued that by enacting this section, the Legislature unequivocally defined the standard for measuring statutes which purportedly waive sovereign immunity, and that under this standard, there is no waiver within the anti-retaliation provisions of Chapter 451. In response, Ms. Olivas argued that Section 311.034 did not abrogate Texas Supreme Court case law recognizing a waiver of sovereign immunity for anti-retaliation claims. The trial court held a hearing on the Commission's plea on February 25, 2010.

The trial court denied the Commission's plea to the jurisdiction, and the Commission now challenges that ruling by interlocutory appeal. In its sole issue, the Commission contends that sovereign immunity for claims under the anti-retaliation statute has not been "clearly and unambiguously" waived, as required by Section 311.034 of the Texas Government Code.

Governmental entities, such as state agencies, are immune from suit absent a legislative waiver. *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). To protect the Legislature's authority in this area, a statute must contain "clear and unambiguous language" waiving immunity to permit a suit to proceed against the State. *See* TEX.GOV'T CODE ANN. § 311.034 (West Supp. 2010); *Fernandez*, 28 S.W.3d at 3. Absent such a waiver, sovereign immunity deprives a court of subject-matter jurisdiction over claims against the government. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). A plea to the jurisdiction is the mechanism by which a party may challenge a court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 621-22 (Tex. 2009). When, as in this case, the jurisdictional question is limited to the sufficiency of the plaintiff's pleadings, we will accept as true all factual

-2-

allegations in the petition to determine if the plaintiff has met her burden to allege facts which affirmatively demonstrate a waiver. *Miranda*, 133 S.W.3d at 224. As the existence of jurisdiction is a question of law, the ruling on a plea is subject to *de novo* review. *Miranda*, 133 S.W.3d at 226.

Ms. Olivas sued the Commission for retaliation following her claim for worker's compensation. Chapter 451 of the Texas Labor Code governs claims for employment discrimination, including retaliation. *See* TEX.LAB.CODE ANN. § 451.001 (West 2006). Section 451.001 specifically prohibits an employer from retaliating against an employee because the employee files a good faith claim for workers' compensation. *See* TEX.LAB.CODE ANN. § 451.001(1). An employee who is terminated or discriminated against in violation of Section 451.001, has a cause of action against the employer for damages incurred as a result of the violation. *See* TEX.LAB.CODE ANN. § 451.002.

As with any other claim against the government, a Chapter 451 cause of action cannot proceed absent Legislative consent to the suit. *See Fernandez*, 28 S.W.3d at 4. In the case of a state agency such as the Commission, the State Applications Act (SAA) has been held to provide such consent and waive sovereign immunity.[2] *Fernandez*, 28 S.W.3d at 9. As a general matter, the SAA requires state agencies, such as the Commission, to provide worker's compensation benefits to their employees. *See* TEX.LAB.CODE ANN. § 501.021. The SAA also specifically incorporates several of the State's worker's compensation laws, including Chapter 451, for application against state agencies. *See* TEX.LAB.CODE ANN. § 501.002(a). Even more

---

[2] The SAA was codified as Labor Code Chapter 501 in 1993. *See Fernandez*, 28 S.W.3d at 4, n.3.

specifically, the SAA provides, "[f]or the purposes of this chapter and Chapter 451, the individual state agency shall be considered the employer." TEX.LAB.CODE ANN. § 501.002(b). Considering the statute as a whole, the Texas Supreme Court concluded that these provisions constituted a "clear and unambiguous" waiver of sovereign immunity for retaliation claims against a state agency. *See Fernandez*, 28 S.W.3d at 6.

Still, the Commission argues that because Section 311.034 was enacted after the *Fernandez* decision, the ruling has been abrogated by the Legislature. The Commission continues by arguing that its conclusion has been bolstered by the Supreme Court's recent holding in *Travis Central Appraisal District v. Norman*, No. 09-0100, 2011 WL 1652133, at *4 (Tex. April 29, 2011); *Fernandez*, 28 S.W.3d at 5. In *Norman*, the Supreme Court concluded that due to amendments to the Political Subdivisions Law (PSL), its prior decision recognizing a waiver of sovereign immunity for retaliatory discharge claims was no longer controlling. *See Norman*, 2011 WL 1652133, at *4-5. As the Court discussed in 2005, the Legislature added a new section (Section 504.053) to the PSL. *Norman*, 2011 WL 1652133, at *3. Within that new section was a "broadly-worded provision" stating that "[n]othing in [the PSL] waives sovereign immunity or creates a new cause of action." *Norman*, 2011 WL 1652133, at *3, *citing* TEX.LAB.CODE ANN. § 504.053(e). Based on this new provision, the Court concluded that the PSL failed to demonstrate a clear and unambiguous waiver as the amendment rendered the statute "too internally inconsistent to satisfy that standard." *Norman*, 2011 WL 1652133, at *5, *citing* TEX.GOV'T CODE ANN. § 311.034. In light of the amendment, the Court concluded sovereign immunity barred a retaliation claim against the political subdivision. *See Norman*, 2011 WL 1652133, at *5.

Unlike the PSL, the SAA has not been amended since the Supreme Court issued its decision in *Fernandez*. There is no indication that the rationale which lead the Court to conclude there was a clear and unambiguous waiver of sovereign immunity for retaliation claims under the SAA has been altered in a way that would lead to a different result. *See Fernandez*, 28 S.W.3d at 5-6. As the *Norman* decision demonstrates, determining whether a statute contains a clear and unambiguous waiver of sovereign immunity depends on the construction of the language of the statutes implicated by the claim involved. *See Norman*, 2011 WL 1652133, at *4-5. The Supreme Court performed such an construction of the SAA in *Fernandez*, and concluded sovereign immunity was waived. *See Fernandez*, 28 S.W.3d at 5. As the SAA has not been amended since the *Fernandez* decision, there is no basis upon which this Court can conclude a different result is warranted in the case before us. Insofar as the Commission contends the *Norman* opinion abrogated the holding in *Fernandez*, that argument is overruled.

*Norman* does provide guidance, however, on the Commission's related argument regarding the effect of Section 311.034 to the Texas Government Code. Section 311.034 provides:

> In order to preserve the legislature's intent in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of 'person,' as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

TEX.GOV'T CODE ANN. § 311.034.

The Commission argues that by enacting this statute, the Legislature has replaced the

common law "clear and unambiguous" standard with a mandate for even greater clarity regarding waivers of sovereign immunity. We disagree. In its holding in *Norman*, that the PSL's amended language no longer demonstrated a legislative intent to waive immunity, the Supreme Court cited Section 311.034 simply for the proposition that a waiver of immunity must be "clear and unambiguous." *Norman*, 2011 WL 1652133, at *5. In reaching its conclusion that the newly-revised PSL no longer met the clear and unambiguous standard, the manner of the legislative intent analysis followed the framework established under the common law standard. *Id*. 2011 WL 1652133, at *3-5. Although the Court ultimately concluded that to due to the amendment, the PSL no longer contained a clear and unambiguous waiver, we do not agree that the *Norman* decision has altered the way in which Texas courts determine whether or not a particular statute meets the clear and unambiguous standard. *See Norman*, 2011 WL 1652133, at *3-5. In other words, there is no indication that the Legislature's codification of the "clear and unambiguous" standard has affected the way legislative intent to waive sovereign immunity is analyzed in Texas. *See id*. As such, the Commission's argument that Section 311.034's enactment has altered or abrogated the analysis to determine whether a particular statute contains a clear and unambiguous waiver is overruled. Having overruled both arguments, we overrule Issue One in its entirety.

Having overruled Appellant's sole issue, we affirm the trial court's order denying the Commission's plea to the jurisdiction.


August 17, 2011

DAVID WELLINGTON CHEW, Chief Justice


-6-

Before Chew, C.J., Rivera, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)