**TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER AT EL PASO, Appellant,**

v.

**Ricky L. GATLIN, Appellee.**

No. 08–11–00056–CV.

Court of Appeals of Texas, El Paso.

Oct. 26, 2011.

Laura B. Fountain, Asst. Atty. Gen., Tort Litigation Div., Austin, for Appellant.

Oscar Mendez, Scherr & Legate, PLLC, El Paso, for Appellee.

Before McCLURE, C.J., RIVERA, J., and CHEW, C.J. (Senior).

## OPINION

ANN CRAWFORD McCLURE, Chief Justice.

Texas Tech University Health Science Center at El Paso (TTHSC) brings this interlocutory appeal from an order denying its plea to the jurisdiction. We affirm.

### FACTUAL SUMMARY

Ricky L. Gatlin sustained an on-the-job injury in 2005 while employed by TTHSC as a computer technician. He filed a claim for workers' compensation benefits. On April 15, 2006, TTHSC terminated Gatlin's employment. Gatlin filed a retaliatory discharge claim pursuant to Section 451.001 of the Texas Labor Code.[1] TTHSC filed a plea to the jurisdiction asserting that there is no waiver of sovereign immunity for a retaliatory discharge claim. The trial court denied the plea and TTHSC timely filed notice of interlocutory appeal.

### SOVEREIGN IMMUNITY

In its sole issue, TTHSC contends that the Legislature has not clearly and unambiguously waived sovereign immunity from suit under Chapter 451 of the Texas Labor Code and it urges that the Supreme Court's prior decisions in *City of LaPorte v. Barfield,* 898 S.W.2d 288 (Tex.1995) and *Kerrville State Hospital v. Fernandez,* 28 S.W.3d 1 (Tex.2000) should be re-examined in light of the Legislature's enactment of Tex.Gov't Code Ann. § 311.034 (West Supp. 2010). It further argues that the Supreme Court's decision in *Travis Central Appraisal District v. Norman,* 342

---

1. Tex.Lab.Code Ann. § 451.001 (West 2006).

S.W.3d 54 (Tex.2011) indirectly supports its position. We have previously considered the same arguments and rejected them. *See Texas Department of Aging and Disability Services v. Beltran,* 350 S.W.3d 410 (Tex.App.-El Paso 2011, no pet. h.); *Texas Workforce Commission v. Olivas,* 349 S.W.3d 174 (Tex.App.-El Paso 2011, pet. filed); *Texas Department of Family and Protective Services v. Parra,* 347 S.W.3d 362 (Tex.App.-El Paso 2011, no pet. h.). We overrule the sole point and affirm the trial court's order.