**TEXAS OFFICE OF The COMP-TROLLER OF PUBLIC AC-COUNTS, Appellant,**

v.

**Nancy SAITO, Appellee.**

**No. 05–10–00297–CV.**

Court of Appeals of Texas, Dallas.

July 5, 2012.

Laura B. Fountain, Assistant Attorney General, Austin, TX, for Appellant.

John E. Wall, Jr., Law Office of John E. Wall, Jr., Dallas, TX, for Appellee.

Before Justices MOSELEY, LANG, and MYERS.

## OPINION

Opinion By Justice MOSELEY.

This is an interlocutory appeal from an order denying the Comptroller's plea to the jurisdiction. Nancy Saito sued the Comptroller alleging she was terminated from employment in retaliation for her filing of a workers' compensation claim.

The Comptroller filed a plea to the jurisdiction asserting sovereign immunity and arguing that immunity had not been waived under the statutes adopting the workers' compensation system for state agencies. The trial court denied the plea. In a single issue, the Comptroller asserts that sovereign immunity has not been clearly and unambiguously waived as required by government code section 311.034. *See* TEX. GOV'T CODE ANN. § 311.034 (West Supp.2011).

We conclude the legislature has not changed the statutes applicable in this case and the supreme court's prior construction of those statutes as waiving sovereign immunity for anti-retaliation claims against state agencies remains good law. Accordingly, we conclude the trial court did not err by denying the plea to the jurisdiction. We affirm the trial court's order.

### BACKGROUND

Saito was employed by the Comptroller in 2006. She filed a workers' compensation claim for an alleged work-related injury in March of 2007. Shortly thereafter, she was discharged from her employment. Saito filed suit alleging she was terminated in retaliation for filing a workers' compensation claim, a violation of what is known as the Anti–Retaliation Law. *See* TEX. LAB. CODE ANN. § 451.001 (West 2006) (a person may not discharge or discriminate against an employee for filing a workers' compensation claim in good faith). The Comptroller, a state agency, filed an answer and a plea to the jurisdiction asserting that its sovereign immunity from suit had not been waived for anti-retaliation claims. The trial court denied the plea and the Comptroller filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (West Supp.2011).

### STANDARD OF REVIEW

■ Whether sovereign immunity has been waived and whether the trial court has subject matter jurisdiction are questions of law and are reviewed de novo. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224, 226–27 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002).

### DISCUSSION

■ The State and its agencies enjoy sovereign immunity from suit and from liability unless the legislature expressly waives that immunity. *See Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). Although sovereign immunity and governmental immunity are common law doctrines, the supreme court has "traditionally deferred their waiver to the Legislature, assuming it to be 'better suited to balance the conflicting policy issues associated with waiving immunity.'" *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 58 (Tex.2011) (quoting *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex.2003)). A waiver of sovereign immunity requires clear and unambiguous statutory language. *Id.; see also* TEX. GOV'T CODE ANN. § 311.034.

The Anti–Retaliation Law is made applicable to state agencies by the State Application Act (SAA),[1] chapter 501 of the labor code. *See* TEX. LAB.CODE ANN. § 501.002(a)(10) (West 2006) ("(a) The following provisions of Subtitles A and B apply to and are included in this chapter except to the extent that they are inconsistent with this chapter: ... (10) Chapter 451."). A related statute, the Political Subdivision Law (PSL),[2] also incorporates

---

1. TEX. LAB.CODE ANN. §§ 501.001–.051 (West 2006 & Supp.2011).

2. TEX. LAB.CODE ANN. § 504.001–.073 (West 2006).

the Anti–Retaliation Law for certain political subdivisions. *See* TEX. LAB.CODE ANN. § 504.002(a)(10). In 1995, the supreme court concluded an earlier version of the PSL waived the sovereign immunity of political subdivisions for anti-retaliation claims. *See City of La Porte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995), *superseded by statute as stated in Norman,* 342 S.W.3d at 58–59.

Section 501.002(b) of the SAA provides: "For purposes of this chapter and Chapter 451, the individual state agency shall be considered the employer." TEX. LAB.CODE ANN. § 501.002(b). In *Fernandez,* the supreme court concluded that similar language in the 1989 version of the SAA [3] was a clear and unambiguous waiver of the sovereign immunity of state agencies for anti-retaliation claims. *See* 28 S.W.3d at 6–8.[4]

The supreme court has not addressed whether recodification of the SAA or the adoption of government code section 311.034 change the result in *Fernandez.*

Recently, however, the supreme court has concluded that a 2005 amendment to the PSL, labor code section 504.053(e),[5] rendered the PSL "too internally inconsistent" to satisfy the clear and unambiguous standard and thus, immunity was no longer waived. *See Norman,* 342 S.W.3d at 58–59. The Comptroller argues here that the enactment of government code section 311.034 after *Fernandez,* has changed the law and, under the reasoning of *Norman,* waiver of sovereign immunity by the SAA for anti-retaliation claims is no longer clear and unambiguous.

Whether current law waives sovereign immunity for anti-retaliation claims against state agencies is an issue of first impression in this Court. However, the El Paso and Corpus Christi Courts of Appeals have addressed the issue and concluded that the legislature has not substantively amended the SAA on the issue of waiver of immunity subsequent to the supreme court's decision in *Fernandez* and that government code section 311.034 does alter the supreme court's analysis.[6] Thus, our

---

**3.** Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 15.44, sec. 15, 1989 Tex. Gen. Laws 1, 111–12 ("15(b) [The Anti–Retaliation Law] is adopted except to the extent it is inconsistent with this article. For purposes of that Act, the individual agency shall be considered the employer.").

**4.** The court in *Fernandez* explained:

Section 15(b) designates the individual state agency as the employer for purposes of the Anti–Retaliation Law. Like the provisions of the Political Subdivisions Act discussed in *Barfield,* section 15(b)of the SAA makes no sense unless the Legislature has waived immunity. Why would the Legislature designate an individual state agency as the employer for purposes of a law creating a cause of action if the agency cannot be sued for that cause of action? Similarly, section 15(b) contemplates that the individual agency must be a party to an anti-retaliation suit. We have previously held that making a state entity a necessary party evidences intent to waive immunity. We therefore

conclude that there is no other sensible construction of section 15(b).

28 S.W.3d at 6–7 (citations omitted).

**5.** "(e) Nothing in this chapter waives sovereign immunity or creates a new cause of action." TEX. LAB.CODE ANN. § 504.053(e) (West 2006).

**6.** *See Tex. Tech Univ. Health Sci. Ctr. at El Paso v. Gatlin,* ―― S.W.3d ――, 2011 WL 5116210 (Tex.App.-El Paso 2011, pet. filed); *Tex. Dept. of Aging & Disability Servs. v. Beltran,* 350 S.W.3d 410, 414–15 (Tex.App.-El Paso 2011, pet. filed); *Tex. Workforce Com'n v. Olivas,* 349 S.W.3d 174, 176–77 (Tex.App.-El Paso 2011, pet. filed); *Tex. Dept. of Family & Protective Services v. Parra,* 347 S.W.3d 362, 365–66 (Tex.App.-El Paso 2011, pet. filed); *Office of Atty. Gen. v. Diaz,* 13–10–00479–CV, 2011 WL 4998684 (Tex.App.-Corpus Christi Oct. 20, 2011, pet. filed) (mem. op.); *Dep't of Aging & Disability Services v. Powell,* 13–10–00126–CV, 2011 WL 2090247 (Tex.App.-Corpus Christi May 26, 2011, pet. filed) (mem. op.).

sister courts determined that *Fernandez* remains good law and they were bound to follow that decision. *See, e.g., Beltran,* 350 S.W.3d at 416.[7] Petitions for review are pending in all of these cases. The parties have not cited and we have not found any cases holding that the SAA no longer waives sovereign immunity for anti-retaliation claims.

■ The Comptroller argues that under government code section 311.034, legislative intent is no longer important in determining whether the legislature has waived sovereign immunity; only clear and unambiguous *language* in a statute can waive immunity. We disagree. In *Norman,* the supreme court recognized that section 311.034 codified the court's clear and unambiguous standard for waiver of sovereign immunity. *Norman,* 342 S.W.3d at 58. It then reaffirmed that legislative intent "remains the polestar of statutory construction," and "so we never apply the clear and unambiguous standard mechanically to defeat the law's purpose or the Legislature's intent. Therefore when a waiver of immunity has been necessary to make sense of a statute, we have held it to be clear and unambiguous." *Id.* (citation omitted).

■ Unlike the PSL at issue in *Norman,* the SAA has not been amended in any substantive way since the supreme court considered the waiver issue in *Fernandez. Cf.* Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 15.44, 1989 Tex. Gen. Laws 1, 111–12, *and* Tex. Lab.Code Ann. §§ 501.001–.051. In 2005, the legislature amended the PSL to address waiver of sovereign immunity. Tex. Lab.Code Ann. § 504.053(e). The amendment was part of a larger bill that also amended parts of the SAA. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 3.288–.291, § 3.322, sec. 504.053(e), 2005 Tex. Gen. Laws 469, 565–66, 571–72. Yet, the legislature did not include language similar to the amendment to the PSL in the amendments to the SAA. The substance of the SAA remains the same today as it did in 1989. The statute waived sovereign immunity in 1989 and it continues to do so today. *See Fernandez,* 28 S.W.3d at 6–8.

## CONCLUSION

■ We will not second guess the supreme court and say, as the Comptroller asks us to, that the court improperly applied the clear and unambiguous standard in *Fernandez.* As an intermediate appellate court, we are bound by supreme court precedent. *See Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338,* 273 S.W.3d 659, 666 (Tex.2008) (recognizing as fundamental that supreme court decisions are binding on lower

---

7. The El Paso Court of Appeals concluded:

First, *Norman* involves a reading of the Anti–Retaliation Law in conjunction with the Political Subdivisions Law rather than with the SAA as in *Fernandez,* and the latter statutes, while kindred in origin, are not identical. *Norman,* 342 S.W.3d at 59; *Fernandez,* 28 S.W.3d at 8–10. Second, unlike the Political Subdivisions Law, the SAA has not been amended "in any way relevant to the waiver issue" since the Texas Supreme Court issued its opinion in *Fernandez. See Tex. Dep't of Aging and Disability Svcs. v. Powell,* No. 13–10–00126–CV, 2011 WL 2090247, at *3 (Tex.App.-Corpus Christi May 26, 2011, no pet. h.) (mem. op.). Simply put, *Norman* is inapplicable here. Third, since the 2001 enactment of Section 311.034, the Texas Supreme Court has not overruled its reasoning in *Fernandez. See Taylor,* 106 S.W.3d at 697, citing *Fernandez,* 28 S.W.3d at 8. Under the doctrine of stare decisis, it is not our function to abrogate or modify established precedent. *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex.2002). That function lies solely with the Texas Supreme Court. *Id.*

*Beltran,* 350 S.W.3d at 416.

courts). We conclude the legislature has not modified the statutes at issue in *Fernandez* in such a way as to change its resolution of the issue. Therefore, we follow *Fernandez* and conclude the legislature has clearly and unambiguously waived the sovereign immunity of state agencies for anti-retaliation claims. *See Fernandez,* 28 S.W.3d at 8–9. Accordingly, the trial court did not err by denying the Comptroller's plea to the jurisdiction. We overrule the Comptroller's sole issue.

The trial court's order is affirmed.