# NO. 12-12-00284-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONNA D. BORDEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *SMITH COUNTY COMMUNITY*<br>*SUPERVISION AND CORRECTIONS*<br>*DEPARTMENT,* | | |
| *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Donna B. Borden appeals the trial court's order granting Smith County Community Supervision and Corrections Department's (the CSCD) plea to the jurisdiction. In three issues, Borden contends that the trial court improperly granted the CSCD's plea because (1) it had waived immunity from suit and (2) she was not required to exhaust the grievance process set forth in the CSCD's policies and procedures manual. We reverse and remand.

### BACKGROUND

Borden was an employee of the CSCD. Between 2007 and 2009, she developed a rash she believed was caused by mold in the CSCD office building. After consulting physicians concerning her ailments, Borden informed the CSCD that she would not return to work and informed her supervisor that she intended to file a workers' compensation claim. Borden was subsequently terminated.

Borden declined to seek recourse through the three-step grievance process outlined in the CSCD's policies and procedures manual. Instead, on March 25, 2011, she filed the instant lawsuit pursuant to Texas Labor Code, Section 451.001 (the Anti-Retaliation Law) alleging that the CSCD terminated her employment in retaliation for her filing a workers' compensation

claim. The CSCD filed a plea to the jurisdiction arguing that it had not waived immunity from suit under the Anti-Retaliation Law and, alternatively, Borden had failed to exhaust her administrative remedies prior to filing suit. The trial court granted the CSCD's plea, and this interlocutory appeal[1] followed.

## PLEA TO THE JURISDICTION

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability. *Miranda*, 133 S.W.3d at 224. Although sovereign immunity and governmental immunity are common law doctrines, the supreme court has traditionally deferred their waiver to the legislature, assuming the legislature to be better suited to balance the conflicting policy issues associated with waiving immunity. *Tex. Office of Comptroller of Pub. Accounts v. Saito*, 372 S.W.3d 311, 313 (Tex. App.–Dallas 2012, pet. denied). Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224. A waiver of sovereign immunity requires clear and unambiguous statutory language. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Saito*, 372 S.W.3d at 313. Whether sovereign immunity has been waived and whether the trial court has subject matter jurisdiction are questions of law and are reviewed de novo. *See Saito*, 372 S.W.3d at 313.

## WAIVER OF IMMUNITY FROM SUIT

In her third issue, Borden argues that the trial court erred in granting the CSCD's plea to the jurisdiction because the legislature waived the CSCD's immunity from suit as a state agency for suits brought under the Anti-Retaliation Law.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2012).

2

**The Anti-Retaliation Law and the SAA**

The Anti-Retaliation Law is made applicable to state agencies by the State Application Act (SAA).[2] *See* TEX. LAB. CODE ANN. § 501.002(a)(10) (West 2006); *Saito*, 372 S.W.3d at 313. A related statute, the Political Subdivision Law (PSL),[3] incorporates the Anti-Retaliation Law for certain political subdivisions. *See* TEX. LAB. CODE ANN. § 504.002(a)(10); *Saito*, 372 S.W.3d at 313–14. In 1995, the supreme court concluded that an earlier version of the PSL waived the sovereign immunity of political subdivisions for anti-retaliation claims. *See City of La Porte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995).

Section 501.002(b) of the SAA provides as follows: "For purposes of this chapter and Chapter 451, the individual state agency shall be considered the employer." TEX. LAB. CODE ANN. § 501.002(b). In *Fernandez*, the supreme court concluded that similar language in the 1989 version of the SAA was a clear and unambiguous waiver of the sovereign immunity of state agencies for anti-retaliation claims. *See Fernandez*, 28 S.W.3d at 6–8; *Saito*, 372 S.W.3d at 314; *see also Tex. Parks & Wildlife Dept. v. Flores*, No. 03-11-00605-CV, 2012 WL 3239114, at *2 (Tex. App.–Austin Aug. 10, 2012, pet. denied) (mem. op., not designated for publication).

Here, the CSCD argues that the Anti-Retaliation Law read together with the SAA do not amount to a clear and unambiguous waiver of immunity. Whether the current version of the SAA waives sovereign immunity for anti-retaliation claims is an issue of first impression in this court. However, our sister courts of appeals in El Paso, Corpus Christi, Dallas, and Austin have each addressed the issue. Each of these courts concluded that the legislature has not substantively amended the SAA on the issue of waiver of immunity subsequent to the supreme court's decision in *Fernandez* and that the subsequent enactment of Texas Government Code, Section 311.034 does not alter the supreme court's analysis. *See, e.g., Saito*, 372 S.W.3d at 314; *Tex. Dept. of Family & Protective Services v. Parra*, 347 S.W.3d 362, 365 (Tex. App.–El Paso 2011, pet. denied); *see also Flores*, 2012 WL 3239114, at *5; *Office of Atty. Gen. v. Diaz*, No. 13-10-00479-CV, 2011 WL 4998684, at *2 (Tex. App–Corpus Christi Oct. 20, 2011, pet. denied).

---

[2] *See* TEX. LAB. CODE ANN. §§ 501.001–.051 (West 2006 & Supp. 2012).

[3] *See* TEX. LAB. CODE ANN. §§ 504.001–.073 (West 2006 & Supp. 2012).

**The *Norman* Decision and Its Effect on the SAA**

In reaching their respective holdings, each of these courts discussed the supreme court's holding in *Norman*, 342 S.W.3d at 57–58.[4] In *Norman*, the court concluded that due to amendments to the PSL, its prior decision recognizing a waiver of sovereign immunity for retaliatory discharge claims was no longer controlling. *See Norman*, 342 S.W.3d at 57–59. In 2005, the legislature added a new section to the PSL. *See id.* at 56–57; *see also* TEX. LAB. CODE ANN. § 504.053 (West 2006). Within that new section was a "broadly-worded provision" stating that "[n]othing in [the PSL] waives sovereign immunity or creates a new cause of action." *Norman*, 342 S.W.3d at 56–57 (citing TEX. LAB. CODE ANN. § 504.053(e)). Based on this then-new provision, the court concluded that the PSL failed to demonstrate a clear and unambiguous waiver because the amendment rendered the statute "too internally inconsistent to satisfy that standard." *Norman*, 342 S.W.3d at 58–59 (citing TEX. GOV'T CODE ANN. § 311.034). In light of the amendment, the court concluded that sovereign immunity barred an anti-retaliation claim against the political subdivision. *See Norman*, 342 S.W.3d at 58–59.

Unlike the PSL at issue in *Norman*, the SAA has not been amended in any substantive way since the supreme court considered the waiver issue in *Fernandez*. Having considered the substance of the CSCD's argument, the basis of which is essentially the same argument presented in *Saito*, *Parra*, *Flores*, and *Diaz*, we likewise determine that *Fernandez* remains good law, which binds this court.[5] Accordingly, we hold that the trial court erred in granting the CSCD's plea to the jurisdiction because the legislature waived the CSCD's immunity from suit as a state agency for suits brought under the Anti-Retaliation Law. Borden's third issue is sustained.

---

[4] The CSCD argues that *Norman* does not apply since the CSCD is a state agency rather than a political subdivision. Nonetheless, it noted the court's decision in its brief and appears to argue that the supreme court's analysis in that case is useful to our analysis of the case at hand. As such, we include a discussion of *Norman* in our analysis.

[5] CSCD also asserts that Section 501.002(d) of the SAA indicates that the legislature did not intend to waive sovereign immunity. This section provides that neither the SAA nor the Workers' Compensation Act "authorizes a cause of action or damages against the state, a state agency, or an employee of the state beyond the actions and damages authorized by [the Texas Tort Claims Act.]." *See* TEX. LAB. CODE ANN. § 501.002(d); TEX. CIV. PRAC. & REM. CODE Ann. §§ 101.023–.024 (West 2011). However, this provision was expressly considered by the Texas Supreme Court in *Fernandez*, and the court held that it served to incorporate the Tort Claims Act's damage caps. *See Fernandez*, 28 S.W.3d at 9–10; *see also Flores*, 2012 WL 3239114, at *5 n.3. We will not second guess the Texas Supreme Court's reasoning in reaching this conclusion. *Flores*, 2012 WL 3239114, at *5 n.3.

4

In her second issue, Borden argues that she was not required to exhaust the grievance process set forth in the CSCD's policies and procedures manual prior to filing suit.

## Governing Law and Standard of Review

Our trial courts are courts of general jurisdiction. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75, (Tex. 2000). The Texas Constitution provides that a trial court's jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by the Texas Constitution or other law on some other court, tribunal, or administrative body. *See* TEX. CONST. art. V, § 8; *Subaru*, 84 S.W.3d at 220. By statute, trial courts have the jurisdiction provided by Article V, Section 8 of the Texas Constitution, may hear and determine any cause that is cognizable by courts of law or equity, and may grant any relief that could be granted by either courts of law or equity. *See* TEX. GOVT. CODE ANN. §§ 24.007–.008 (West 2004 & Supp. 2012). Courts of general jurisdiction are presumed to have subject matter jurisdiction unless a contrary showing is made. *See Subaru*, 84 S.W.3d at 220.

On the other hand, there is no presumption that administrative agencies are authorized to resolve disputes. *Id.* Rather, an agency may exercise only those powers the law, in clear and express statutory language, confers upon it. *Id.* (citing *Key Western Life Ins. Co. v. State Bd. of Ins.*, 350 S.W.2d 839, 848 (1961)). Courts will not imply additional authority to agencies, nor may agencies create for themselves any excess powers. *Subaru*, 84 S.W.3d at 220.

Under the exclusive jurisdiction doctrine, the legislature grants an administrative agency the sole authority to make an initial determination in a dispute. *See In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004); *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *See Subaru*, 84 S.W.3d at 221.

Determining if an agency has exclusive jurisdiction requires statutory construction and raises jurisdictional issues. *Subaru*, 84 S.W.3d at 222. Thus, whether an agency has exclusive jurisdiction is a question of law we review de novo. *Id.*; *see El Paso Nat'l Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999). Our objective when construing a statute is to

determine and give effect to the legislature's intent. *See **Phillips v. Beaber***, 995 S.W.2d 655, 658 (Tex. 1999). To ascertain that intent, we look first to the statute's plain language and give its words their ordinary meaning. *Id.* We must view the statute's terms in context and give them full effect. *Id.* Further, we presume that the legislature acted with knowledge of the common law and court decisions. *Id.*

If an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking review of the agency's action. ***Entergy Corp.***, 142 S.W.3d at 321; ***Cash Am.***, 35 S.W.3d at 15; ***BCY Water Supply Corp. v. Residential Inv., Inc.***, 170 S.W.3d 596, 600 (Tex. App.–Tyler 2005, pet. denied). Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction. ***Entergy Corp.***, 142 S.W.3d at 321–22.

## Texas Labor Code, Section 76 and the CSCD's Grievance Procedure

Here, the CSCD argues that Texas Labor Code, Section 76.004 mandates that the director of the CSCD (1) establish policies and procedures for all functions of the department, (2) develop personnel policies and procedures, including disciplinary proceedings, and (3) establish procedures and practices through which the department will address an employment-related grievance. *See* TEX. LAB. CODE ANN. § 76.004 (West 2006). However, the plain language of Section 76.004 contains no express grant of exclusive jurisdiction. Moreover, the plain meaning of the language used in Section 76.004 does little, if anything, to establish such a "pervasive regulatory scheme" so as to indicate that the legislature intended for the policies and procedures implemented under Section 76.004 to be the mandatory preliminary means of remedying a CSCD employee's grievances. *See **Subaru***, 84 S.W.3d at 221.

The CSCD argues that there could be no purpose for mandating the establishment of such procedures and practices if CSCD employees were not required first to engage in its grievance process prior to filing suit in district court. And while CSCD's argument is logical, we stress that there is no presumption that administrative agencies are authorized to resolve disputes, and also that such agencies may exercise only those powers the law, in clear and express statutory language, confers upon them. *See **Subaru***, 84 S.W.3d at 220. Based on our reading of the plain language of Section 76.004, we cannot conclude that this statute confers exclusive jurisdiction upon the CSCD so as to overcome the presumption that subject matter jurisdiction lies in a court of general jurisdiction. *Id*. Accordingly, we hold that the trial court erred in granting the

6

CSCD's plea to the jurisdiction based on Borden's failure to exhaust the grievance process set forth in the CSCD's policies and procedures manual. Borden's second issue is sustained.[6]

### DISPOSITION

Having sustained Borden's second, and third issues, we **reverse** the trial court's order dismissing Borden's case for want of jurisdiction and **remand** the cause to the trial court for further proceedings consistent with this opinion.

**SAM GRIFFITH**
Justice

Opinion delivered September 18, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[6] In her first issue, Borden argues generally that the trial court erred in granting the CSCD's plea to the jurisdiction. However, she has confined her argument to her second and third issues. *See* TEX. R. APP. P. 38.1(i). Our holdings with regard to Borden's second and third issues are dispositive of this matter. Accordingly, we need not address her first issue. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 18, 2013

### NO. 12-12-00284-CV

**DONNA D. BORDEN,**
Appellant
V.
**SMITH COUNTY COMMUNITY SUPERVISION AND CORRECTIONS
DEPARTMENT,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 11-0867-C)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with this opinion; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*