**AFFIRMED; Opinion Filed March 13, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-18-00521-CV
_____

**JOHN ELLIS, Appellant**
**V.**
**DALLAS AREA RAPID TRANSIT, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05195**

# MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Molberg

John Ellis challenges the trial court's jurisdictional dismissal of his workers' compensation retaliation case against Dallas Area Rapid Transit (DART), his former employer, on the basis of governmental immunity from suit.

Because we are bound by controlling supreme court precedent in this area of perplexing legislative enactments, we affirm the district court's order.

### Background

Ellis filed suit against DART for workers' compensation retaliation and race discrimination on December 23, 2016, approximately two years after his firing. As to the former claim, Ellis alleged that after he sustained an on-the-job injury, DART harassed, discriminated against, and fired him because he in good faith filed a workers' compensation claim "and/or hired a lawyer to

represent him in his claim and/or instituted or caused to be instituted in good faith a proceeding under Subtitle A of Chapter 451 of the Labor Code." *See* TEX. LAB. CODE ANN. § 451.001.

As a political subdivision of the state,[1] DART filed a plea to the jurisdiction against Ellis's chapter 451 retaliation claim, asserting governmental immunity. Following a hearing, the trial court granted the plea and dismissed this cause of action on August 27, 2017. Thereafter, the claim was severed from Ellis's race discrimination claim, making the dismissal order final and appealable.

## Chapter 451 and Governmental Immunity

The governmental immunity doctrine and the anti-retaliation provision of the Texas Workers' Compensation Act, TEX. LAB. CODE ANN. §§ 451.001–.003, have enjoyed an on-again, off-again relationship for the past quarter-century.

In *City of LaPorte v. Barfield*, 898 S.W.2d 288, 298–99 (Tex. 1995), the supreme court concluded that a political subdivision's immunity from workers' compensation retaliation claims had been clearly and unambiguously waived by the Public Subdivisions Law, TEX. LAB. CODE ANN. §§ 504.001–.073, which made chapter 451 applicable to political subdivisions. Critical to the court's determination was a provision in the 1989 and 1993 versions of the Public Subdivisions Law that required an employee to elect between an action for workers' compensation retaliation and a claim under the Whistleblower Act, TEX. GOV'T CODE ANN. §§ 554.001–.010. If the legislature had not intended a waiver of immunity, said the court, "it would make little sense to require an employee to elect between an action barred by immunity and one not barred." *Barfield*, 898 S.W.2d at 298.

---

[1] DART is a regional transportation authority created under chapter 452 of the Texas Transportation Code, formerly article 1118y of the Texas Revised Civil Statutes. It is a governmental entity that is a political subdivision of the state. *Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 661 (Tex. 2008).

A decade after *Barfield*, however, the legislature amended labor code chapter 504 to provide that "[n]othing in this chapter waives sovereign immunity or creates a new cause of action." TEX. LAB. CODE ANN. § 504.053(e). As a result, in *Travis Central Appraisal District v. Norman,* 342 S.W.3d 54, 58, 59 (Tex. 2011), the court concluded that the amendment resurrected immunity for retaliation claims brought by employees of political subdivisions. As the *Norman* court noted, "[t]his no-waiver provision considerably clouds the chapter's former clarity regarding retaliatory discharge claims" and has "muddled the issue." *Id.* Thus, the *Norman* court reasoned, there was no longer a clear and unambiguous waiver of immunity which a court must find to judicially effectuate a waiver. *Id.* at 59.

Effective September 1, 2017—after Ellis filed his lawsuit—chapter 504 was again amended, this time to provide damage limitations on the liability of political subdivisions for workers' compensation retaliation claims brought by their employees—the very claims that *Norman* held were no longer actionable as a result of the 2005 amendments. TEX. LAB. CODE ANN. § 504.002(a-1).[2] At the same time, chapter 451 of the labor code was amended to expressly allow "first responders" to seek relief under the chapter, and in such cases, "[s]overeign or governmental immunity is waived and abolished to the extent of liability created by this chapter." TEX. LAB. CODE ANN. § 451.0025(b).

### Analysis

Unless waived, immunity from suit deprives a court of jurisdiction. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999) ("immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction"). Whether

---

[2] Section 504.002(a-1) provides: "The liability of a political subdivision under Chapter 451 is limited to money damages in a maximum amount of $100,000 for each person aggrieved by and $300,000 for each single occurrence of a violation of that chapter. For purposes of this subsection, a single occurrence is considered to be a single employment policy or employment action that results in discrimination against or discharge of one or more employees concurrently."

governmental immunity from suit has been waived and whether the trial court has jurisdiction are questions of law that we review de novo. *See, e.g., Tex. Office of the Comptroller of Pub. Accounts v. Saito*, 372 S.W.3d 311, 313 (Tex. App.—Dallas 2012, pet. denied).[3]

We may find a waiver of immunity only where legislative intent to waive immunity is clear and unambiguous. *See Norman,* 342 S.W.3d at 58; *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994). Indeed, the Texas Code Construction Act requires as much. TEX. GOV'T CODE ANN. § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). This does not mean, however, that a waiver of immunity must be express. "Therefore, when a waiver of immunity has been necessary to make sense of a statute, we have held it to be clear and unambiguous." *Norman*, 342 S.W.3d at 58 (citing *Barfield*, 898 S.W.2d at 291–92). The clear and unambiguous standard is never applied "mechanically to defeat the law's purpose or the Legislature's intent." *Norman*, 342 S.W.3d at 58 (citing *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000)). Intent "remains the polestar of statutory construction." *Barfield*, 898 S.W.2d at 292.

Ellis argues the 2017 damage limitation added by section 504.002(a-1) "provides clarity regarding the legislative intent" that the *Norman* court found wanting. Although not in effect at the time he filed suit, the amendment, he contends, now makes clear that the legislature all along intended to waive a political subdivision's immunity from suit in workers' compensation retaliation cases brought by its employees. Like the election of remedies provision added to the Political Subdivisions Law that the *Barfield* court found persuasive in deciding immunity had been waived because the provision was meaningless otherwise, so, too, is the enactment of a damage limitation on claims otherwise barred by immunity. Justifiably, Ellis essentially asks a question

---

[3] The common law doctrine of governmental immunity protects political subdivisions of the state, such as counties and municipalities. The common law doctrine of sovereign immunity protects the state and its various agencies and boards. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). "Courts often use the terms sovereign immunity and governmental immunity interchangeably." *Id*. The differences in the doctrines are not material to the issue presented here.

similar to the election-of-remedies question asked in *Barfield*: "Why would the legislature put a damage cap on a recovery that cannot be had?"

As much as the 2005 amendments to chapter 504 muddied the immunity waters, the 2017 amendments failed to clear them up. While it appears nonsensical that the legislature would add a general damage limitation for chapter 451 claims brought by employees of political subdivisions if it did not intend to waive governmental immunity from suit, the amendment did not purport to alter the express directive found in section 504.053(e), that "[n]othing in this chapter waives sovereign immunity or creates a new cause of action." Moreover, at the same time the damage limitation was enacted, chapter 451 was amended to specifically waive immunity for claims of first responders, as defined in section 421.095 of the Texas Government Code, but not for others like Ellis, a bus driver. Thus, if immunity were waived for all employees of political subdivisions as a result of the damage limitation, as Ellis argues, why would it then be necessary for the legislature to grant an express waiver of immunity for retaliation claims of first responders?[4] And finally, confounding the analysis here is that Ellis's cause of action arose and his suit was filed before the effective date of the 2017 amendments.

We cannot conclude in these circumstances that a waiver of governmental immunity is clear and unambiguous, as is required. Like the *Norman* court, we view the law as "too internally inconsistent" to meet that standard.[5]

---

[4] Both amendments formed the substantive totality of House Bill 451. *See* Act of May 24, 2017, 85th Leg., R.S., ch. 810, §§ 1-2, 2017 Tex. Gen. Laws 3149, 3149. The only thing that is currently clear and unambiguous is that immunity from suit in chapter 451 actions has been waived for first responder employees of political subdivisions to the extent of the monetary liability set forth in labor code section 504.002(a-1).

[5] Employees of state agencies have the full protection of the Anti-Retaliation Act, which is made applicable to them by the State Application Act, TEX. LAB. CODE ANN. § 501.002(a)(10). *See Fernandez*, 28 S.W.3d at 6–8 (sovereign immunity waived); *Saito*, 372 S.W.3d at 314) (same). This is so because, unlike the Political Subdivisions Law, the State Application Act was not amended to add a provision that preserved sovereign immunity. *Saito*, 372 S.W.3d at 315. Why state employees are afforded protection by the law and most employees of political subdivisions are not escapes explanation. Similarly, why protection from injurious retaliatory conduct is legislatively important for first responder employees of political subdivisions but not for bus drivers likewise enjoys no explanation.

## Conclusion

Accordingly, we affirm the district court's order granting the plea and dismissing the case.


/Ken Molberg/
KEN MOLBERG
JUSTICE

180521F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN ELLIS, Appellant

No. 05-18-00521-CV    V.

DALLAS AREA RAPID TRANSIT,
Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-05195.
Opinion delivered by Justice Molberg.
Justices Whitehill and Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DALLAS AREA RAPID TRANSIT recover its costs of this appeal from appellant JOHN ELLIS.

Judgment entered this 13th day of March, 2019.