COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES, | § | No. 08-10-00085-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 210th District Court |
| | § | |
| ROSA MARIA BELTRAN, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2009-1678) |
| | § | |

**O P I N I O N**

Appellee, Rosa Maria Beltran (Beltran), brought action under the Anti-Retaliation Law against Appellant, the Texas Department of Aging and Disability Services (the Department), her employer, for wrongful discharge in retaliation for filing a workers' compensation claim. The Department appeals the trial court's denial of its plea to the jurisdiction. We affirm.

**BACKGROUND**

Beltran, an employee of the Department since 1990, alleged that she sustained injuries to her shoulder and elsewhere as a consequence of her job-related duties and thereafter filed a workers' compensation claim. The Department terminated Beltran's employment on March 31, 2008. Beltran brought suit against the Department, alleging that the Department terminated her in retaliation for filing a worker's compensation claim, an act prohibited under Section 451.001 of the Texas Labor Code, also known as the Anti-Retaliation Law. TEX. LAB. CODE ANN. Ch. 451, § 451.001.

The Department filed a plea to the jurisdiction in which it sought to dismiss Beltran's suit for lack of subject-matter jurisdiction. In its plea, the Department asserted that it was protected by sovereign immunity because the "Legislature has not clearly and unambiguously waived sovereign

immunity for [the Anti-Retaliation Law]" as required after the Legislature's 2001 enactment of Section 311.034 of the Code Construction Act. TEX. GOV'T CODE ANN. § 311.034 (Waiver of Sovereign Immunity) (West 2005). Without conducting a hearing, the trial court denied the Department's plea to the jurisdiction.[1]

## DISCUSSION

In a single issue, the Department contends that its sovereign immunity under the Anti-Retaliation Law and the State Applications Act has not been clearly and unambiguously waived as required after the Legislature's 2001 enactment of Section 311.034 of the Code Construction Act, and for this reason, the Department asserts that the trial court lacks subject-matter jurisdiction over this lawsuit. TEX. GOV'T CODE ANN. § 311.034 (West 2005).

### Standard of Review

A trial court's subject-matter jurisdiction is defeated by sovereign immunity from suit and is therefore properly asserted in a plea to the jurisdiction. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224, 226-27 (Tex. 2004). Whether a court has subject-matter jurisdiction is a question of law. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We review *de novo* a challenge to a trial court's subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 228; *IT-Davy*, 74 S.W.3d at 855.

### Sovereign Immunity & Waiver

The State of Texas and its agencies, such as the Department, are immune from suit and from liability unless the Legislature expressly waives sovereign immunity.[2] *Kerrville State Hosp. v.*

---

[1] The trial court scheduled a hearing to consider the Department's plea to the jurisdiction but we find no evidence in the record that a hearing was conducted.

[2] Encompassed in sovereign immunity are the distinct principles of immunity from suit and immunity from liability. *Miranda*, 133 S.W.3d at 224. The first deprives a court of subject-matter jurisdiction while the second is an affirmative defense which cannot be raised by a plea to the jurisdiction. *Lueck*, 290 S.W.3d at 880; *Miranda*, 133

*Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). Consent to suit, which is pivotal to a waiver of sovereign immunity, must ordinarily rest in a constitutional provision or legislative enactment. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003). When the text and history of a statute leaves room to doubt the Legislature's intent to waive immunity from suit, we are less likely to find a waiver and will resolve any ambiguities by retaining immunity. *Id.* at 697.

### *Legislative Intent and Statutory Construction*

The issue before us is one of statutory construction. When interpreting any statute, our primary goal is to determine and give effect to the Legislature's intent in enacting the provision. *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001) (orig. proceeding). A statute's words are the surest guide to its intended meaning and, therefore, we focus our analysis upon the plain language of the statute. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999); *see also* TEX. GOV'T CODE ANN. § 311.011 (West 2005) (words and phrases should be read in context and, unless they have acquired a specialized or technical meaning, construed according to their common usage). Where the text of a statute is unambiguous, we generally have no need to utilize other rules of construction or methods of interpretation to aid in the determination of the provision's intended meaning. *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007).

Before 2001, Texas courts required clear and unambiguous legislative expression before holding that sovereign immunity was waived. *See Fernandez*, 28 S.W.3d at 3; *City of La Porte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995); *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindberg*, 766 S.W.2d 208, 211 (Tex. 1989); *Duhart v. State*, 610 S.W.2d 740, 741 (Tex. 1980). In 2001, the

S.W.3d at 224. Consequently, even when the State acknowledges liability on a claim, until the Legislature consents to suit, immunity bars a remedy. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). Likewise, although often used interchangeably, the concepts of sovereign immunity and governmental immunity involve two distinct concepts. Sovereign immunity refers to the State's immunity from suit and liability while also protecting the State's agencies, boards, hospitals, and universities. Governmental immunity from liability protects political subdivisions of the State such as counties, cities, and school districts. *Taylor*, 106 S.W.3d at 694 n.3.

Legislature enacted Section 311.034 of the Code Construction Act which codified the courts' clear-and-unambiguous language requirement. TEX. GOV'T CODE ANN. § 311.034 (West 2005). Section 311.034 also specifies how courts should interpret statutes containing the term "person" in the context of sovereign-immunity waiver analysis by providing:

> In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction.[3]

TEX. GOV'T CODE ANN. § 311.034 (West 2005).

*State Applications Act and Anti-Retaliation Law*

Before the enactment of Section 311.034, the Texas Supreme Court addressed the very issue before us today: whether the Legislature clearly and unambiguously waived immunity regarding violations of the Anti-Retaliation Law as applied through the SAA. *See Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1 (Tex. 2000). In *Fernandez*, the Court determined upon its examination of the SAA that the Legislature intended to waive state agencies' sovereign immunity from suit for alleged retaliatory discharge of state employees. *Fernandez*, 28 S.W.3d at 3. Here, the Department raises the same issue that was before the Court in *Fernandez* but contends that the Legislature's enactment of Section 311.034 now abrogates the Texas Supreme Court's reasoning in *Fernandez*. We disagree.

In *Fernandez*, the Texas Supreme Court interpreted the 1989 statutory predecessors to the

---

[3] Section 311.005 provides that "person" includes a corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity. TEX. GOV'T CODE ANN. § 311.005(2) (West 2005).

SAA provisions at issue today.[4]  *See* Act of Dec. 13, 1989, 71 st Leg.2d C.S., ch. 1, § 15.44, sec.15, 1989 Tex. Gen. Laws 1, 111–12 (formerly codified as TEX. REV. CIV. STAT. art. 8309g, § 15).  The *Fernandez* Court explained that the clear-and-unambiguous waiver requirement was merely a method to guarantee that courts adhere to legislative intent and that the doctrine should not be applied mechanically to defeat the true purpose of the law.  *Fernandez*, 28 S.W.3d at 3.

In deciding *Fernandez*, the Court focused its attention on Section15(b) of the 1989 version of the SAA which provided:

> [The Anti-Retaliation Law] is adopted except to the extent it is inconsistent with this article.  For purposes of that Act, the individual agency shall be considered the employer.[5]

*Fernandez*, 28 S.W.3d at 4, 6-7.  The Court concentrated its analysis on the second sentence of Section 15(b).[6]  In doing so, the Court determined that far from dealing with the mere incorporation of the Anti-Retaliation Law into the SAA, the second sentence of Section 15(b), which identifies the state agency as the employer, was a clearer expression, and one which left no reasonable doubt, of the Legislature's intent to waive state agencies' sovereign immunity for state workers' claims of impermissible retaliation.  *Fernandez*, 28 S.W.3d at 6, 7-8, 9.  There was, the Court said, no other sensible construction of Section15(b) because if the state agencies were not to be included in the term "person," Section 15(b) would have had no reason to designate the state agencies as

---

[4]  The 1989 version of the SAA was recodified in 1993 as Chapter 501 of the Texas Labor Code.  *See* Act of June 19, 1997, 75th Leg., R.S., ch. 1098, § 3, 1997 Tex. Gen. Laws 4223, 4231; Act of June 16, 1995, 74th Leg., R.S., ch. 980, § 2.01, 1995 Tex. Gen Laws 4912, 4927.  Because the SAA was not a part of the Labor Code in 1989, we refer to the relevant section numbers considered in *Fernandez*.  *Fernandez*, 28 S.W.3d at 4.

[5]  Now TEX. LAB. CODE ANN. § 501.002(b).

[6]  In construing Section 15(c) of the 1989 version of the SAA, which provided that neither the SAA nor the Workers' Compensation Act authorized actions or damages against governmental entities except to the extent allowed under the Tort Claims Act, the Court determined that while Section 15(c) itself did not constitute a clear expression of waiver, it did limit damages for Anti-Retaliation Law violations to those permitted under the Tort Claims Act.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.023-.024; *Fernandez*, 28 S.W.3d at 10.

"employers" while referencing the Anti-Retaliation Law. *Fernandez*, 28 S.W.3d at 7-8, 9. Having drawn its conclusions, the Court further explained that the reasonable explanation for the Legislature's use of the term "employer" instead of "person" in Section 15(b) was that "employer" served the purpose of differentiating general workers' compensation claims from those brought under the Anti-Retaliation Law. *Fernandez*, 28 S.W.3d at 8-9. Because Section15(b) has no meaning absent a waiver, the Court concluded that the Legislature intended to waive sovereign immunity for state agencies that violate the Anti-Retaliation Law. *Fernandez*, 28 S.W.3d at 6, 9.

There has been no relevant amendment to the SAA on the issue of waiver since the Texas Supreme Court decided *Fernandez*. The current SAA provisions differ little, if at all, from the 1989 provisions considered in *Fernandez*, and both versions contain the same relevant language. *Compare* Act of Dec. 13, 1989, 71st Leg.2d C.S., ch. 1, § 15.44, sec. 15, 1989 Tex. Gen. Laws 1, 111-12 (formerly codified as TEX. REV. CIV. STAT. art. 8309g, § 15) *and* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1236-40 (amended 1993); *see Fernandez*, 28 S.W.3d at 4 n.3. The SAA expressly adopts both the Workers' Compensation Act and the Anti-Retaliation Law, except to the extent that they are inconsistent with the SAA. *Id*; TEX. LAB. CODE ANN. § 501.002(a) (West 2006). Presently, the SAA provides:

§ 501.002(b)

For the purposes of [Chapter 501 (workers' compensation coverage for state employees)] and Chapter 451[the Anti-Retaliation Law], the individual state agency shall be considered the employer.

§ 501.002(c)

For the purpose of applying the [Anti-Retaliation Law listed in § 501.002(a)] to this chapter, . . . "employer" means "state," "office," "director," or "state agency" as applicable.

TEX. LAB. CODE ANN. § 501.002(b), (c) (West 2006). The SAA specifies that neither it nor the

Texas Workers' Compensation Act authorizes a cause of action or damages against the state, a state agency, or an employee of the state *beyond* the actions and damages authorized under the Texas Tort Claims Act. TEX. LAB. CODE ANN. § 501.002(d) (West 2006); TEX. CIV. PRAC. & REM. CODE ANN. Ch. 101, § 101.002 (West 2011) (The Texas Tort Claims Act) (emphasis added).

Section 311.034 states that the use of the term "person" does not indicate legislative intent to waive sovereign immunity *unless the context of the statute indicates no other reasonable construction.* TEX. GOV'T CODE ANN. § 311.034 (West 2005) (emphasis added). Although Section 451.001(1) of the Anti-Retaliation Law states that a "person" may not discharge or discriminate against an employee who in good faith files a worker's compensation claim, the SAA continues to clearly and specifically provide that "[f]or the purposes of [the SAA and Anti-Retaliation Law], the individual state agency shall be considered the employer," and that "[f]or the purpose of applying the [Anti Retaliation Law and other statutes to the SAA], . . . 'employer'" refers to, among others, a "state agency." TEX. LAB. CODE ANN. § 501.002(b), (c) (West 2006). As the Texas Supreme Court reasoned in *Fernandez*, Section 501.002(b) has no meaning absent a waiver. *Fernandez*, 28 S.W.3d at 6. Indeed, by enactment of these provisions in the SAA, the Legislature has effectively specified that a state agency is among the employers that may be named as a defendant in a claim for Anti-Retaliation Law violations. We find the SAA clearly and unambiguously expresses the Legislature's intent to waive sovereign immunity for Anti-Retaliation Law violations under Section 311.034 and as previously interpreted in *Fernandez*. *Fernandez*, 28 S.W.3d at 6.

In tandem with this finding, we next address the Department's assertion that its Section 311.034 waiver-of-sovereign-immunity challenge is bolstered by the reasoning of the Texas Supreme Court in its opinion in *Travis Central Appraisal District v. Norman*. *Travis Cent. Appraisal Dist. v. Norman*, No. 09-0100, 2011 WL 1652133, at *1, *4-5 (Tex. April 29, 2011). In *Norman*, the

Court recognized that a 2005 amendment which provided that "nothing in this chapter waives sovereign immunity or creates a new cause of action" rendered the Political Subdivisions Law "too internally inconsistent" to satisfy the clear and unambiguous standard for a finding of waiver. *Norman*, 2011 WL 1652133, at *5. As a result, because the Political Subdivisions Law no longer clearly and unambiguously waives governmental immunity, the Court dismissed Ms. Norman's retaliatory-discharge claim. *Id.* The Department invites us to apply the reasoning in *Norman* to the facts before us, and contends that *Norman* is indirectly dispositive of the sovereign immunity issue in this case. For the following reasons, we must decline the Department's invitation to apply *Norman* here.

First, *Norman* involves a reading of the Anti-Retaliation Law in conjunction with the Political Subdivisions Law rather than with the SAA as in *Fernandez*, and the latter statutes, while kindred in origin, are not identical. *Norman*, 2011 WL 1652133, at *5; *Fernandez*, 28 S.W.3d at 8-10. Second, unlike the Political Subdivisions Law, the SAA has not been amended "in any way relevant to the waiver issue" since the Texas Supreme Court issued its opinion in *Fernandez*. *See Tex. Dep't of Aging and Disability Svcs. v. Powell*, No. 13-10-00126-CV, 2011 WL 2090247, at *3 (Tex. App. – Corpus Christi May 26, 2011, no pet. h.) (mem. op). Simply put, *Norman* is inapplicable here. Third, since the 2001 enactment of Section 311.034, the Texas Supreme Court has not overruled its reasoning in *Fernandez*. *See Taylor*, 106 S.W.3d at 697, *citing Fernandez*, 28 S.W.3d at 8. Under the doctrine of *stare decisis*, it is not our function to abrogate or modify established precedent. *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). That function lies solely with the Texas Supreme Court. *Id.*

Following *stare decisis*, finding no basis upon which to distinguish this case from the holding in *Fernandez*, and finding *Norman* to be inapplicable here, we conclude that the Legislature has clearly and unambiguously waived sovereign immunity when a state agency is sued for retaliatory

discharge under the SAA and the Anti-Retaliation Law. Because the Department's plea to the jurisdiction was properly denied, the issue is overruled.

## CONCLUSION

The Department's sole issue is overruled and the trial court's denial of the Department's plea to the jurisdiction is affirmed.


GUADALUPE RIVERA, Justice

August 31, 2011

Before Chew, C.J., Rivera, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment