

# NUMBER 13-10-00479-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

OFFICE OF THE ATTORNEY GENERAL,                    Appellant,

v.

BELINDA DIAZ,                                       Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas

_____

# MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes**
**Memorandum Opinion by Justice Perkes**

Pursuant to the Anti-Retaliation Law, Appellee Belinda Diaz filed this lawsuit against her former employer, the Office of the Attorney General (the "OAG"), alleging the OAG wrongfully terminated her employment in retaliation for having filed a workers' compensation claim. *See* TEX. LAB. CODE ANN. § 451.001(1) (West 2006) ("Anti-

Retaliation Law"). The trial court denied the OAG's plea to the jurisdiction.[1] By a single issue, the OAG contends the trial court erred by denying the OAG's plea to the jurisdiction because sovereign immunity for Diaz's claim has not been clearly and unambiguously waived by the Legislature. *See* TEX. GOV'T. CODE ANN. § 311.034 (West 2005). Specifically, the OAG argues that certain changes to the Code Construction Act in 2001 and 2005 render any prior statutory language waiving sovereign immunity for anti-retaliation claims ambiguous at best. *See id.* We affirm the trial court's judgment because, notwithstanding the changes to the Code Construction Act the OAG cites, we are bound by the Supreme Court of Texas's holding in *Kerrville State Hospital v. Fernandez*, 28 S.W.3d 1, 8 (Tex. 2000).

## I. BACKGROUND

Diaz was employed in the OAG's child-support division for approximately ten years. The OAG states Diaz's employment was terminated because of her failure to meet performance standards. Diaz, however, had previously filed a workers' compensation claim after she was allegedly exposed to chemicals which were sprayed in her office. Diaz asserted the chemical exposure made her ill, causing her to experience headaches, respiratory problems, disorientation, nausea, and fatigue. Diaz claims the true reason she was discharged was in retaliation for making a workers' compensation claim.

---

[1] In its answer, the OAG asserted a plea to the jurisdiction. Later, the OAG filed a pleading titled, "Defendant, Office of the Attorney General's, Motion to Dismiss for Lack of Jurisdiction and Brief in Support of Plea to the Jurisdiction in Original Answer." In substance, the pleading is briefing in support of the OAG's plea to the jurisdiction and a prayer for dismissal of Diaz's claim for lack of jurisdiction. The OAG appeals the trial court's "Order Denying Defendant's Motion to Dismiss for Lack of Jurisdiction and Brief in Support of Plea to the Jurisdiction." Despite the ambiguous title, in substance, the trial court's order is a denial of the OAG's plea to the jurisdiction and as such, this Court has appellate jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2005); *Benson Chevrolet, Inc. v. Bexar Appraisal Dist.*, 242 S.W.3d 54, 59 (Tex. App.—San Antonio 2007, no pet.).

Diaz filed a retaliatory-discharge claim against the OAG, seeking recovery under the Anti-Retaliation Law. *See* TEX. LAB. CODE ANN. § 451.001(1). The OAG answered and asserted a plea to the jurisdiction, arguing sovereign immunity had not been waived for retaliatory-discharge claims. Following a hearing, the trial court denied the OAG's plea to the jurisdiction, and the OAG brought this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2005) (permitting interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit).

## II. ANALYSIS

We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). In *Fernandez*, the Supreme Court of Texas addressed the question presented by this case—whether the State's sovereign immunity is waived for an anti-retaliation claim brought by a state employee against a state agency under the State Applications Act ("SAA"), alleging wrongful termination in retaliation for bringing a workers' compensation claim. 28 S.W.3d at 2–3. The Court concluded that the language of the SAA provided a clear and unambiguous waiver of sovereign immunity for such a claim because the SAA identified the state agency as the employer for purposes of the Anti-Retaliation Law. *Id.* at 7–8; *see also* TEX. LAB. CODE ANN. § 501.002(b) (West 2006) (current codification of waiver language analyzed in *Fernandez*). According to the *Fernandez* majority, a waiver of sovereign immunity is the only "sensible construction" of the use of the word "employer" in the SAA. *Fernandez*, 28 S.W.3d at 8.

As the OAG points out, in 2001, the Legislature added section 311.034 of the Texas Government Code, and thereafter amended it in 2005 to provide:

3

In order to preserve the Legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

TEX. GOV'T CODE ANN. § 311.034 (West 2005). However, section 311.034 is part of the Code Construction Act and as such, it does not apply to the Anti-Retaliation Law. *See Id.* § 311.001 (West 2005); *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 56 (Tex. 2011) (discussing the inapplicability of the Code Construction Act to the Anti-Retaliation Law).

Assuming without deciding that the Code Construction Act applies to the SAA, *Fernandez* controls the outcome of this case because it applied the "clear and unambiguous language" standard contained in Government Code section 311.034, and the decision in *Fernandez* did not hinge on the definition of "person." *See Fernandez*, 28 S.W.3d at 8–9 (discussing insignificance of the absence of the term "person" in then section 15(b) of the SAA in apparent response to Justice Hecht's remark in dissent that "person" "has always been the operative word in the Anti-Retaliation Law"). Recently, in *Norman*, the Supreme Court of Texas treated the "clear and unambiguous language" standard in section 311.034 as a codification of the clear-and-unambiguous-language standard it has long applied in determining whether immunity is waived. 342 S.W.3d at 58. This is the standard that was applied in *Fernandez. See Fernandez*, 28 S.W.3d at 3; *see also Tex. Dep't of Aging and Disability Servs. v. Beltran*, —S.W.3d—, No. 08-10-00085-CV, 2011 WL 3841297, at *2–5 (Tex. App.—El Paso Aug. 31, 2011, no pet.) (concluding

*Fernandez* still controls on the question of whether the Legislature clearly and unambiguously waived immunity for alleged violations of the Anti-Retaliation Law as applied through the SAA); *Tex. Workforce Comm'n v. Olivas*, —S.W.3d—, No. 08-10-00070-CV, 2011 WL 3612207, at *2–3 (Tex. App.—El Paso Aug. 17, 2011, pet. filed) (explaining the SAA has not been amended since *Fernandez* was issued and concluding, under *Norman*, codification did not change application of the clear-and-unambiguous language standard); *Tex. Dep't of Family and Protective Servs. v. Parra*, —S.W.3d—, No. 08-10-00067-CV, 2011 WL 3240541, at *3 (Tex. App.—El Paso July 29, 2011) (same); *Dep't of Aging and Disability Servs. v. Powell*, No. 13-10-00126-CV, 2011 WL 2090247, at *3 (Tex. App.—Corpus Christi 2011, pet. filed) (mem. op.) (concluding section 311.034 does not supersede *Fernandez*).

As an intermediate appellate court, we are bound by *Fernandez*. *See Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 666 (Tex. 2008) (discussing the binding nature of the Texas Supreme Court's precedents on intermediate appellate courts); *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.) (explaining intermediate appellate court is not free to mold Texas law as it sees fit but must follow the Supreme Court's precedents). We overrule the OAG's sole issue on appeal.

### III.  CONCLUSION

We affirm the trial court's order denying the OAG's plea to the jurisdiction.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
20th day of October, 2011.

5