**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00101-CV

————————————

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
**Appellant**

**V.**

**MARKIDA RENEE MITCHELL, Appellee**

---

**On Appeal from the 127th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-03587**

---

## O P I N I O N

Markida Renee Mitchell filed suit against the Texas Department of Family

and Protective Services, alleging that it fired her in unlawful retaliation for filing a

workers' compensation claim. The Department filed a consolidated plea to the

jurisdiction and motion to dismiss based on the doctrine of sovereign immunity. The trial court denied the plea and the Department appealed.

We affirm.

### Background

Appellee Markida Renee Mitchell was performing her duties as an employee of the Department of Family and Protective Services when she was attacked and injured by a third party. She made a workers' compensation claim. After the Department subsequently fired her, she filed suit alleging a violation of the Anti-Retaliation Law. *See* TEX. LAB. CODE § 451.001(1). Mitchell sought lost income and benefits, including future pecuniary loss and other economic damages, as well as exemplary damages and attorney's fees.

The Department answered, including a plea to the jurisdiction on the basis of sovereign immunity. It later filed a consolidated plea and motion to dismiss in which it argued that the Legislature had not waived immunity for Mitchell's cause of action and the damages that she seeks to recover. In particular, the Department argued that the State Application Act, which renders the Anti-Retaliation Law applicable to state agencies, incorporates the jurisdictional limitations of the Tort Claims Act and that Mitchell's claim and alleged damages fall outside the scope of these limitations. *See id.* § 501.002(d); TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.023–.024, 101.057.

The trial court denied the consolidated plea to the jurisdiction and motion to dismiss on the basis that the Department's position was squarely rejected by the Supreme Court of Texas in *Kerrville State Hospital v. Fernandez*, 28 S.W.3d 1 (Tex. 2000). The Department then filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

**Analysis**

On appeal, the Department contends that Mitchell's suit is barred in its entirety by the doctrine of sovereign immunity. In general, the Department argues that the State Application Act does not clearly and unambiguously waive state agencies' immunity for violations of the Anti-Retaliation Law. In addition, the Department argues that the State Application Act incorporates the jurisdictional limitations of the Tort Claims Act and that Mitchell's anti-retaliation claim and alleged damages fall outside the scope of these limitations.

Sovereign immunity encompasses two distinct principles: immunity from suit and immunity from liability. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 93 (Tex. 2012). State agencies properly may assert immunity from suit in a plea to the jurisdiction. *Id.* Immunity from liability, however, does not affect a court's jurisdiction to hear the case and therefore cannot be raised in a jurisdictional plea. *Id.* Jurisdiction is a question of law. *Tex. Nat. Res. Conservation Comm'n v. IT-*

3

*Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Thus, we review de novo the trial court's denial of the Department's plea to the jurisdiction based on sovereign immunity. *Id.*

**I.**

The Texas Anti-Retaliation Law forbids anyone from discharging an employee for filing a workers' compensation claim in good faith. TEX. LAB. CODE § 451.001(1). An employee who proves a violation of the anti-retaliation statute is entitled to "reasonable damages incurred by the employee as a result of the violation" and, if wrongfully discharged, "reinstatement in the former position of employment." *Id.* § 451.002(a)–(c).

The Anti-Retaliation Law does not define "reasonable damages." Courts have construed this phrase to include lost income and benefits. *See Carnation Co. v. Borner*, 610 S.W.2d 450, 453–54 (Tex. 1980); *Hertz Equip. Rental Corp. v. Barousse*, 365 S.W.3d 46, 57–58 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). "Reasonable damages" are not limited to actual damages, but may include future damages. *In re Poly-Am., L.P.*, 262 S.W.3d 337, 351 (Tex. 2008). The phrase also includes exemplary damages on a showing of malice. *Id.*; *Hertz*, 365 S.W.3d at 59–60. Attorney's fees, however, may not be recovered as "reasonable damages." *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95–96 (Tex. 1999).

The State Application Act incorporates the Anti-Retaliation Law and provides that for anti-retaliation claims "the individual state agency shall be considered the

4

employer." TEX. LAB. CODE § 501.002(a)(10), (b). Construing a prior version of the State Application Act, the Supreme Court of Texas held that designation of state agencies as employers for purposes of the Anti-Retaliation Law was a clear and unambiguous waiver of their sovereign immunity. *Fernandez*, 28 S.W.3d at 6–9.

In light of the Department's arguments, we emphasize the direct constraints of prior precedents. The doctrine of stare decisis has its greatest force in matters of statutory interpretation. *Sw. Bell Tel. Co. v. Mitchell*, 276 S.W.3d 443, 447 (Tex. 2008). The Legislature can rectify a mistaken judicial interpretation, and if it does not do so, there is little reason for courts to reconsider a prior statutory construction. *Id.* Moreover, it is not "the function of a court of appeals to abrogate or modify" the precedents of the Supreme Court of Texas. *Lubbock Cty., Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). Accordingly, unless the Supreme Court has overruled its decision or the Legislature has superseded it by statute, this court is bound by *Fernandez*'s statutory interpretation of the language now codified in Section 501.002(b). *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.).

Though it acknowledges that the Supreme Court has not overruled *Fernandez*, the Department argues that the decision is no longer controlling law. According to the Department, the 1993 codification of the State Application Act and Anti-Retaliation Law into Title 5 of the Labor Code and the subsequent 1997 and 2005

amendments to that title together have abrogated *Fernandez. See* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987–1258, *amended by* Act of May 30, 1997, 75th Leg., R.S., ch. 1098, §§ 1–10, 1997 Tex. Gen. Laws 4223–32, *amended by* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 1.001–8.011, 2005 Tex. Gen. Laws, 469–610. The 1997 amendments created the State Office of Risk Management, which oversees workers' compensation insurance coverage for government employees and administers state risk management programs. *See* Act of May 30, 1997, 75th Leg., R.S., ch. 1098, §§ 1–10, 1997 Tex. Gen. Laws 4223–32 (relevant amendments codified primarily in Chapter 412 of the Labor Code). Among other things, the 2005 amendments abolished the Texas Workers' Compensation Commission and created the Division of Workers' Compensation within the Texas Department of Insurance, which administers the workers' compensation system. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 1.001–8.011, 2005 Tex. Gen. Laws, 469–610 (relevant amendments codified primarily in Chapter 402 of the Labor Code). The 2005 amendments also placed the Division under the supervision of a commissioner, who has broad authority to enforce the workers' compensation law. *Id.*

Neither the 1993 codification, which was enacted without any intent to introduce any substantive statutory change, TEX. LAB. CODE § 1.001(a), nor the amendments undermine the Supreme Court's decision. *Fernandez*'s holding rested

on the State Application Act's designation of state agencies as the employer for purposes of the Anti-Retaliation Law. *Fernandez*, 28 S.W.3d at 6–9. The Court reasoned that the designation of state agencies as employers for purposes of anti-retaliation claims would be meaningless if construed as anything other than consent to suit. *See id.* at 7. The current version of the State Application Act continues to designate state agencies as employers for purposes of the Anti-Retaliation Law. TEX. LAB. CODE § 501.002(b). Moreover, as multiple other courts have held, the Legislature has not revised the relevant statutes in any other respect material to the waiver of immunity. *E.g.*, *Tex. Office of the Comptroller of Pub. Accounts v. Saito*, 372 S.W.3d 311, 314–15 (Tex. App.—Dallas 2012, pet. denied); *Tex. Dep't of Aging & Disability Servs. v. Beltran*, 350 S.W.3d 410, 413–16 (Tex. App.—El Paso 2011, pet denied).

The Department argues that *Saito* and *Beltran* are distinguishable because those decisions did not consider the impact on *Fernandez*'s holding resulting from the 1993 codification of the State Application Act and the Anti-Retaliation Law into Title 5 of the Labor Code and the 1997 and 2005 amendments to that title. We disagree. *Saito* and *Beltran* correctly identified the basis for *Fernandez*'s holding—the State Application Act's designation of state agencies as employers for purposes of anti-retaliation claims—and noted that the State Application Act had not been amended in a manner that affected *Fernandez*'s analysis. *Saito*, 372 S.W.3d at 314–

7

15; *Beltran*, 350 S.W.3d at 415–16. This provision of the State Application Act remains materially the same. *Compare* TEX. LAB. CODE § 501.002(b) ("the individual state agency shall be considered the employer" for purposes of the Anti-Retaliation Law), *with Fernandez*, 28 S.W.3d at 4 (quoting prior uncodified version of State Application Act as providing that "the individual agency shall be considered the employer").

The Department contends that Section 501.002(b) would be meaningful under the current workers' compensation statutory scheme even if construed as not conferring consent to suit because other provisions of Title 5 now empower the Division of Workers' Compensation and its commissioner and employees to curtail unlawful retaliation. *See* TEX. LAB. CODE §§ 402.00114–.00116, 402.00128(b), 402.023, 402.0231, 402.0235. But this argument does not address the Supreme Court's interpretation of the specific language now codified in Section 501.002(b); instead, the Department's argument attempts to sidestep *Fernandez*'s interpretation of that key language by shifting the focus to Title 5 as a whole, or other provisions within it. The additional nonjudicial enforcement mechanisms within Title 5 referenced by the Department do not alter or modify Section 501.002(b)'s designation of state agencies as employers for purposes of the Anti-Retaliation Law or expressly address the subject of immunity. *Cf. Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–59 (Tex. 2011) (holding that Political Subdivisions

Law that similarly designates subdivisions as employers for purposes of anti-retaliation claims does not waive immunity from suit for those claims due to statutory revision that "muddled the issue" of legislative intent regarding immunity, precluding a "clear and unambiguous" waiver). *Fernandez*'s interpretation of the significance of the designation of state agencies as employers by the State Application Act therefore remains binding precedent.

*Fernandez* held that the designation of state agencies as employers "would have no purpose if the Legislature did not intend to waive immunity." 28 S.W.3d at 8. The statute has not materially changed since the Supreme Court decided *Fernandez*, and we must apply that decision to the Department's jurisdictional plea. *See Trammel's*, 80 S.W.3d at 585.

## II.

In the alternative, the Department contends that if *Fernandez* remains controlling law, the decision nevertheless confers immunity from suit on state agencies with respect to all or most anti-retaliation claims, including Mitchell's. This contention rests on another provision of the State Application Act, which provides that neither it nor the Workers' Compensation Act "authorizes a cause of action or damages against the state, a state agency, or an employee of the state beyond the actions and damages authorized by" the Tort Claims Act. TEX. LAB. CODE § 501.002(d). According to the Department, *Fernandez* recognized that this statutory

9

language limits anti-retaliation claims to those cognizable under the Tort Claims Act. The Department reasons that because the Tort Claims Act only permits recovery for property damage, bodily injury, and death under limited circumstances, *see* TEX. CIV. PRAC. & REM. CODE § 101.021, these are the only bases for recovery against state agencies under the Anti-Retaliation Law. Because Mitchell does not allege retaliation-related property damage, bodily injury, or death, the Department asserts that her claims are barred. The Department similarly contends that, because anti-retaliation claims are intentional torts, the Tort Claims Act's bar on recovery for intentional torts renders it immune from suit. *See id.* § 101.057(2).

The Department's argument lacks merit. It invites this court to construe *Fernandez* as holding that the waiver of state agencies' immunity with respect to violations of the Anti-Retaliation Law was limited to circumstances in which agency employees were physically injured, slain, or suffered property damage as a result of retaliation. *See* TEX. CIV. PRAC. & REM. CODE § 101.021. *Fernandez* rejected this interpretation of the State Application Act.

In *Fernandez*, the Supreme Court of Texas construed a prior version of Section 501.002(d) that did not materially differ from the current version. *See* 28 S.W.3d at 4, 9–10. The Court acknowledged that this provision presented interpretative difficulties and that a literal reading of its language would not permit employees of state agencies to bring suit under the Anti-Retaliation Law or the

10

Workers' Compensation Act. *Id.* at 9–10. The Court rejected this "troubling" interpretation and held that the statutory language now codified in Section 501.002(d) merely incorporated the Texas Tort Claims Act's "damage caps." *Id.* In particular, the Court referenced two provisions of the Tort Claims Act that place caps on actual damages and prohibit exemplary damages. *Id.* at 9 (citing TEX. CIV. PRAC. & REM. CODE §§ 101.023–.024); *see also Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 531 (Tex. 2012) (noting that State Application Act's incorporation of Tort Claims Act "precluded exemplary damages and capped actual damages"). The Court did not hold that other provisions of the Tort Claims Act applied to anti-retaliation claims. To the contrary, the Court affirmed the denial of motions to dismiss filed by state agencies under circumstances in which their employees did not allege that they suffered bodily injury, death, or property damage in the course of being retaliated against for filing workers' compensation claims, thereby holding that anti-relation claims are not subject to the Tort Claims Act's restrictions limiting recovery to instances in which a claimant was physically injured, slain, or suffered property damage. *See Fernandez*, 28 S.W.3d at 2–3.

Since *Fernandez*, three courts have addressed and rejected the position that the Department advocates regarding Section 501.002(d). *See Tex. Dep't of Family & Prot. Servs. v. Parra*, No. 08-14-00148-CV, 2016 WL 6312062, at *9–12 (Tex. App.—El Paso Oct. 28, 2016, no pet. h.); *Borden v. Smith Cty. Cmty. Supervision &*

*Corr. Dep't*, No. 12-12-00284-CV, 2013 WL 5302497, at *3 n.5 (Tex. App.—Tyler Sept. 18, 2013, no pet.) (mem. op.); *Tex. Parks & Wildlife Dep't v. Flores*, No. 03-11-00605-CV, 2012 WL 3239114, at *5 n.3 (Tex. App.—Austin Aug. 10, 2012, pet. denied) (mem. op.). We likewise conclude that *Fernandez* expressly held that the language now codified in Section 501.002(d) does no more than incorporate the Tort Claims Act's cap on actual damages and its bar on exemplary damages. *See Fernandez*, 28 S.W.3d at 9–10. We cannot second-guess the Supreme Court's interpretation of this provision. *See Trammel's*, 80 S.W.3d at 585.

For the same reason, we reject the Department's contention that it is shielded from suit by the Tort Claims Act's bar on intentional torts. The Anti-Retaliation Law creates a cause of action that "is in the nature of an intentional tort." *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 453 (Tex. 1996). When it considered the language of Section 501.002(d), the Supreme Court concluded that this language merely incorporated the Tort Claims Act's cap on actual damages and bar on exemplary damages. *Fernandez*, 28 S.W.3d at 9–10. When the Supreme Court decided *Fernandez*, the Tort Claims Act barred recovery for intentional torts. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3304 (codified at TEX. CIV. PRAC. & REM. CODE § 101.057). If we held that Section 501.002(d) immunized state agencies from suit on anti-retaliation claims altogether based on the Tort Claims Act's bar on intentional torts, our decision would abrogate

*Fernandez*. As an intermediate appellate court, we cannot do so. *See Trammel's*, 80 S.W.3d at 585.

## III.

The Department contends that Mitchell's claim is barred by sovereign immunity to the extent she seeks to recover financial and exemplary damages. (The Department also claimed immunity with respect to any claim for attorney's fees, but Mitchell has conceded she is not entitled to recover fees.) The Department requests that we order dismissal to the extent any particular remedy is barred by immunity.

*Fernandez* is controlling, and it held that state agencies are not immune from claims for financial damages under the Anti-Retaliation Law. *See* 28 S.W.3d at 9–10. Accordingly, Mitchell may seek to recover reasonable damages, including lost income and benefits. *Carnation*, 610 S.W.2d at 453–54; *Hertz*, 365 S.W.3d 46, 57–58. The Department's liability for reasonable damages is capped at $250,000. *Fernandez*, 28 S.W.3d at 9–10 (citing TEX. CIV. PRAC. & REM. CODE § 101.023). But this immunity is from liability exceeding the statutory cap, not liability from the suit itself. *See Rusk*, 392 S.W.3d at 93.

*Fernandez* further held that state agencies are immune from exemplary damages under the Anti-Retaliation Law. 28 S.W.3d at 9–10 (citing TEX. CIV. PRAC. & REM. CODE § 101.024). This immunity, however, is also immunity from liability, not suit, because allegations relating to exemplary damages do not state an

independent cause of action susceptible to a plea to the jurisdiction. *See Sweeny Cmty. Hosp. v. Mendez*, 226 S.W.3d 584, 594 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (to extent that complaints about damages pleaded "implicate only immunity from liability, that matter is not one determinable by a plea to the jurisdiction").

Unlike the waiver of immunity for certain contract claims against local government entities, the State Application Act did not tailor its waiver of immunity from suit to any particular "terms and conditions" constituting limitations on a claimant's recovery. *Compare* TEX. LOC. GOV'T CODE § 271.152, *with* TEX. LAB. CODE § 501.002; *see Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 107 (Tex. 2014) ("Whether the various provisions of the Act define the scope of the waiver of immunity depends on the statutory text."). We conclude that to the extent the doctrine of sovereign immunity renders the Department immune from any particular remedy pleaded by Mitchell, its immunity is immunity from liability, not immunity from suit. *See generally Fernandez*, 28 S.W.3d at 9–10 (construing State Application Act's reference to Tort Claims Act as limiting "recovery" for anti-retaliation claims by incorporating latter Act's cap on actual damages and bar on exemplary damages). Such immunity may be asserted as an affirmative defense, but it is not jurisdictional in nature and is not properly raised in a plea to the jurisdiction. *See Rusk*, 392 S.W.3d at 93.

## Conclusion

We affirm the trial court's order denying the Department's consolidated plea to the jurisdiction and motion to dismiss Mitchell's lawsuit.

Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

15