# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00214-CV

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas; and
Ken Paxton, Attorney General of the State of Texas, Appellants**

**v.**

**CHZP, LLC, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-16-005755, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Comptroller of Public Accounts of the State of Texas appeals from the district court's denial of its jurisdictional challenge to claims brought by CHZP, LLC, a former automobile dealership that disputes the results of a tax audit. Because we conclude the district court erroneously denied the Comptroller's motion, we will reverse the order denying the motion and remand this matter to the district court for further proceedings.

In 2014 and 2015, the Comptroller initiated an audit of CHZP's records in accordance with its statutory obligation to periodically verify taxpayer compliance. *See* Tex. Tax Code §§ 111.004 (requiring compliance audits), 152.066–.068 (authorizing deficiency determinations). Upon completion of the audit, the Comptroller determined CHZP was delinquent in remitting certain taxes imposed on automobile sales by section 152.047 of the Tax Code. The Comptroller calculated that CHZP owed nearly $500,000.00 in taxes, penalties, and interest. CHZP disagreed with the

delinquency finding, urging an alternate construction of the statutory language. It therefore requested a redetermination by the State Office of Administrative Hearings, which conducted an evidentiary hearing and proposed a finding of delinquency. The Comptroller adopted that proposal with only minor revisions.

After exhausting its administrative remedies, CHZP sued the Comptroller and the Attorney General in Travis County district court, ostensibly seeking review under section 112.052 of the Texas Tax Code,[1] but CHZP did not make the protest payment required by that section. *See id.* §§ 112.001 (providing limited waiver of sovereign immunity for claims brought under section 112.052), .051 (requiring protest payment and establishing procedures for payment), .052 ("A person may bring suit against the state to recover a . . . tax or fee required to be paid to the state."). As relief, CHZP requested that "Plaintiff have judgment against Defendants that it does not owe any money as a result of the subject audit." In support of its right to such judgment, CHZP again urged that the Comptroller's delinquency determination resulted from an erroneous construction of the governing statute.

The Comptroller filed a motion to dismiss under Rule 91a, raising the defense of sovereign immunity and arguing that chapter 112 of the Tax Code abrogates its sovereign immunity from delinquency disputes only to the extent the aggrieved taxpayer makes a payment under protest and meets all other statutory prerequisites to suit. *See* Tex. R. Civ. P. 91a (allowing dismissal of

---

[1] CHZP's original petition cited Tax Code sections 112.051 (requiring protest payment) and 112.053 (establishing the issues and parties in suit). The only claim those two sections govern is the "suit after payment under protest" set forth in section 112.052, so the Comptroller and the trial court inferred that CHZP intended to state a claim under that section.

"baseless cause[s] of action"). In response to the motion, CHZP amended its petition twice, presumably in an effort to avoid dismissal by curing any jurisdictional defect. It ultimately alleged jurisdiction under chapter 112 of the Tax Code, or in the alternative under the Administrative Procedure Act ("APA"), or in the alternative under the Uniform Declaratory Judgments Act ("UDJA"). *See, respectively*, Tex. Tax Code §§ 112.001–.156; Tex. Gov't Code §§ 2001.001–.902.; Tex. Civ. Prac. & Rem. Code §§ 37.001–.011. CHZP did not amend its factual allegations or the basis of its challenge to the Comptroller's delinquency findings, nor did it amend its request for relief. The trial court denied the motion and the Comptroller filed this appeal.

"Immunity from suit bars a suit against the State unless the Legislature expressly consents to the suit." *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). A state agency may assert sovereign immunity "through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment" or a Rule 91 motion. *Alamo Heights Indep. Sch. Dist. v. Clark*, No. 16-0244, 2018 WL 1692367, at *7 (Tex. Apr. 6, 2018); *see also City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) ("[T]he Rule 91a motion challenged the trial court's subject-matter jurisdiction over the claims asserted; therefore, section 51.014(a)(8) affords the City a right to an interlocutory appeal of the trial court's denial of the motion." (citing Tex. Civ. Prac. & Rem. Code § 51.014(a))). "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). But "if the pleadings affirmatively negate the

3

existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227. The courts of appeals review the trial court's subject matter jurisdiction de novo. *Texas Dep't of Aging & Disability Servs. v. Beltran*, 350 S.W.3d 410, 412 (Tex. App.—El Paso 2011, pet. denied) (citing *Miranda*, 133 S.W.3d at 226–27, and *IT-Davy*, 74 S.W.3d at 855).

Although the Comptroller frames its appellate briefing in terms of three issues, the resolution of this appeal turns on a single question of law: whether there is any cause of action by which CHZP can obtain judicial review of the Comptroller's delinquency determination without first paying the allegedly delinquent taxes. The Comptroller contends it is "well settled" that claims for what it refers to as "relief relating to tax liability" may only be brought pursuant to the limited jurisdiction afforded by the Legislature in chapter 112 of the Tax Code, and, therefore, that any such claim requires prepayment of the disputed tax obligation or posting of an equivalent bond. *See* Tex. Tax Code §§ 112.052 (allowing suit after payment under protest), .101–1011 (allowing suit for injunction after posting of bond sufficient to guarantee any sum allegedly due), .151 (allowing suit for refund if taxpayer has paid "any additional tax" allegedly due). CHZP responds that, in absence of any "alternate means for a taxpayer to challenge a deficiency [determination]," the statutory prepayment requirement is "an unconstitutional violation of the Texas Constitution's open courts guarantee." *See* Tex. Const. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."); *R Commc'ns v. Sharp*, 875 S.W.2d 314, 318 (Tex. 1994) (striking as unconstitutional a statutory limitation on the right to seek declaratory relief regarding interpretation and application of tax laws).

In support of their respective positions, the two parties offer contrasting readings of precedent from the Supreme Court of Texas and this Court.

This Court, writing en banc, recently addressed the question posed here and discussed, at some length, most of the authorities cited by the parties presently before the Court. *See generally Hegar v. EBS Sols., Inc.*, ___ S.W.3d ___, No. 03-17-00506-CV, 2018 WL 1885170 (Tex. App.—Austin Apr. 20, 2018, pet. filed). *EBS Solutions* involved a suit for refund under section 122.152 of the Tax Code. *Id.* at *7. The taxpayer in that suit, as here, sought review of its alleged tax liability without first making full payment under protest, averring that it was financially unable to do so. *Id.* It also sought to enjoin what it called "further collection actions" with a claim brought under section 112.101 of the Tax Code, but did not post the bond required by that statute. *Id.* The district court denied the Comptroller's plea to the jurisdiction, rejecting the Comptroller's argument that Texas law provides no avenue for judicial review of tax liability without protest payment or posting of bond. *Id.* at *8. The en banc Court focused on the plain language of the Tax Code to reverse the district court's order denying the plea to the jurisdiction: "By invoking the Tax Code, [the taxpayer] was obligated to comply with the requirements listed in the Code," and therefore, "[b]ecause [the taxpayer] did not comply with the prepayment obligations, [it] did not invoke the jurisdiction of the district court." *Id.* at *11.

The taxpayer in *EBS Solutions* had only pleaded claims under the Tax Code, but our analysis of jurisdiction did not end with those statutes. Noting that this Court's prior jurisdictional discussions had occasionally been "inartful" and had led to "inconsistent" readings of precedent, we went on "to provide some guidance regarding how this unusual legal landscape must be traversed."

5

*Id.* at *1, *6 n.3 & *10. We surveyed decades of jurisprudence regarding jurisdiction over tax disputes and the constitutional implications of the Legislature's limited waiver of sovereign immunity from suit for judicial review of contested liability. *See generally id.* We outlined the respective roles of the Tax Code, the UDJA, the APA, and *ultra vires* actions in providing aggrieved taxpayers with access to the courts. *Id.* at *6, *9–11. In acknowledging these various means by which a plaintiff might obtain judicial review of the Comptroller's disputed actions and contested statutory interpretations, we emphasized the limited remedies available through each distinct cause of action, as well as the distinction between prospective and retrospective requests for relief. *Id.* at *6. We explained, for example, that "taxpayers who are not seeking a return of any tax money paid may pursue a permissible declaratory-judgment action seeking relief other than a return of money provided that the suit is not otherwise barred by sovereign immunity." *Id.* (citing *Sharp*, 875 S.W.2d at 318) (other citations omitted). We also observed that the *ultra vires* doctrine provides a means to bring "challenges to an agency's actions under a statute," but that the "individual who successfully proves an ultra vires claim is entitled to prospective relief but is not entitled to retrospective relief." *Id.* at *6 (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009)) (internal quotation marks omitted). After outlining the available claims and determining that the record, while precluding any waiver of sovereign immunity under the Tax Code, did not affirmatively negate the possible existence of jurisdiction, we remanded the matter to the district court to allow the taxpayer an opportunity to amend its pleadings to reflect one or more of the causes of action discussed by the Court. *Id.* at *11; *cf. Miranda*, 133 S.W.3d at 227.

Our *EBS Solutions* analysis was not available to the parties or to the district court when the question of jurisdiction was litigated below. Applying those holdings to the present case, CHZP's claim under chapter 112 of the Tax Code must be dismissed for want of jurisdiction because CHZP filed the claim without meeting the jurisdictional prerequisites set forth in that chapter. *EBS Sols.*, 2018 WL 1885170, at *11. We therefore reverse the district court's order denying the Comptroller's motion to dismiss.

CHZP's second amended petition (i.e., its live petition) also sought to establish jurisdiction under the UDJA and the APA. However, CHZP did not actually plead these claims beyond merely amending its jurisdictional allegations. For example, CHZP alleges jurisdiction based on its need to obtain a declaration regarding the proper construction of section 152.047 of the Tax Code, but its live petition does not ask for such a declaration. *See id.* at *3 ("[T]he Declaratory Judgments Act . . . allows a person whose rights, status, or other legal relations are affected by a statute to have determined any question of construction or validity arising under the . . . statute . . . and [to] obtain a declaration of rights, status, or other legal relations thereunder." (quoting Tex. Civ. Prac. & Rem Code § 37.004(a))). Likewise, CHZP asserts jurisdiction under the APA but it is unclear what relief, if any, CHZP's pleadings seek pursuant to that statute.

As such, the trial court had no jurisdiction over the claim brought under the Tax Code, but CHZP's live petition does not affirmatively negate the possible existence of jurisdiction over another cause of action. Following the precedent set by the en banc Court, we (1) reverse the district court's order denying the Comptroller's jurisdictional challenge to claims brought under the Tax Code, and (2) remand the case to the district court to allow CHZP to amend its pleadings to

7

state any available claims for relief consistent with our holdings in *EBS Solutions* and other controlling precedent.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Reversed and Remanded

Filed:   June 28, 2018